277 Neb. 522
WILLIAM McKENNA, APPELLANT,
v.
JASON JULIAN AND THE CITY OF OMAHA, A POLITICAL SUBDIVISION, APPELLEES.
No. S-08-183.
Supreme Court of Nebraska.
Filed April 3, 2009.
Daniel W. Ryberg for appellant.
Thomas O. Mumgaard, Deputy Omaha City Attorney, for appellees.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

NATURE OF CASE
MCCORMACK, J.
William McKenna brought suit against the City of Omaha and Jason Julian, a City of Omaha police officer (collectively the City of Omaha), seeking damages for alleged constitutional violations. McKenna argues that his rights were violated under the Nebraska Constitution and that the Nebraska Constitution provides him with a direct cause of action for damages against the political subdivision and its employee. The district court dismissed McKenna's complaint for failure to state a claim for which relief can be granted. McKenna appeals.

BACKGROUND
Because this case was dismissed on the pleadings, the circumstances instigating this case will be recounted based on McKenna's complaint. On December 9, 2005, two Omaha police officers, including Julian, made certain comments to McKenna's wife somewhere near McKenna's business establishment. McKenna alleges that he expressed his displeasure to the officers in a nonvulgar manner and then walked into the kitchen of his establishment. The officers followed McKenna into the establishment and ordered him out of the kitchen. McKenna maintains that he complied with the officers' orders but that he was assaulted by Julian under color of law, was cited for a crime, and suffered injuries. McKenna was charged with criminal conduct, and he was found not guilty on all charges.
Subsequently, McKenna filed suit. In his complaint, McKenna alleged four causes of action: (1) false arrest; (2) unconstitutional seizure; (3) excessive use of force; and (4) oppression under color of office, pursuant to Neb. Rev. Stat. § 28-926 (Reissue 2008). McKenna sought relief in the form of money damages.
The City of Omaha filed a partial motion to dismiss and a motion for a more definite statement. In its partial motion to dismiss, the City of Omaha alleged that McKenna's claim under § 28-926 should be dismissed because § 28-926 is purely criminal in nature and does not provide for an independent civil remedy. The City of Omaha also asserted that McKenna's cause of action under § 28-926 was barred by the statute of limitations. The court sustained the City of Omaha's partial motion to dismiss as to § 28-926 and overruled its motion for a more definite statement. The court's dismissal of the § 28-926 claim has not been appealed.
Subsequently, the City of Omaha filed a motion to dismiss as to the remaining causes of action, which motion the district court granted. In its order, the district court concluded that Neb. Const. art. I, §§ 3 and 7, do not grant McKenna any right to bring an action for civil remedies, because neither section is self-executing. Thus, the district court concluded that there was no authority for McKenna to sue directly under the constitution for the deprivation of rights he was claiming. The district court noted that McKenna failed to cite to any statutory authority as a basis for the causes of action for false arrest under article I, § 3, and unconstitutional seizure under article I, § 7. The district court also concluded that McKenna's causes of action for false arrest, unconstitutional seizure, and excessive use of force arise out of an assault, battery, or false arrest. Thus, McKenna's causes of action fell under the Political Subdivisions Tort Claims Act (PSTCA),[1] which specifically insulates the City of Omaha from liability arising out of such claims. The district court dismissed McKenna's complaint for lack of subject matter jurisdiction. McKenna appeals.

ASSIGNMENTS OF ERROR
McKenna argues that the district court erred in (1) determining that article I, § 3 or § 7, is not self-executing and (2) implicitly concluding that McKenna cannot amend his complaint to state a claim for relief.

STANDARD OF REVIEW
[1,2] An appellate court reviews a district court's grant of a motion to dismiss de novo, accepting all the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.[2] Complaints should be liberally construed in the plaintiff's favor and should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle the plaintiff to relief.[3]

ANALYSIS

Failure to State Claim
[3] McKenna brought this action against Julian, an employee of the Omaha Police Department. When an action is brought against an individual employee of a state agency, a court must determine whether the action against the individual official is in reality an action against the state and therefore barred by sovereign immunity.[4] It is apparent from the allegations contained in McKenna's complaint that the alleged actions by Julian arose within the scope of McKenna's employment with the Omaha Police Department.
McKenna argues that Neb. Const. art. I, §§ 3 and 7, are selfexecuting and therefore provides him a direct cause of action. Article I, § 3, the due process provision, states: "No person shall be deprived of life, liberty, or property, without due process of law, nor be denied equal protection of the laws." Article I, § 7, the search and seizure provision, states:
The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.
[4] Tort actions against the state and its political subdivisions are prosecuted pursuant to the PSTCA.[5] But McKenna urges this court to find an alternative private right of action in damages directly from our state Constitution for alleged violations of his constitutional rights, extending the rationale of the court in Bivens v. Six Unknown Fed. Narcotics Agents.[6] McKenna fails to explain, however, how these provisions, even if self-executing, waive our state's sovereign immunity.
[5-7] It is well-settled law in Nebraska that sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued, unless the state consents to suit.[7] Neb. Const. art. V, § 22, provides that the state may sue and be sued and that the Legislature shall provide by law in what manner and in what courts suits shall be brought.[8] We have interpreted this provision to mean that the state is permitted to lay its sovereignty aside and consent to be sued on such terms and conditions as the Legislature may prescribe.[9] We have further explained that this provision is not self-executing, but instead requires legislative action for waiver of the state's sovereign immunity.[10]
The Legislature, through the PSTCA, has removed, in part, the traditional immunity of subdivisions for the negligent acts of their employees.[11] The Legislature declares in the PSTCA that
no political subdivision of the State of Nebraska shall be liable for the torts of its officers, agents, or employees, and that no suit shall be maintained against such political subdivision or its officers, agents, or employees on any tort claim except to the extent, and only to the extent, provided by the [PSTCA].[12]
In other words, tort actions against political subdivisions of the State of Nebraska are governed exclusively by the PSTCA.[13]
The PSTCA prescribes the procedure for maintenance of a suit against a political subdivision[14] and also provides a list of claims for which sovereign immunity is not waived.[15]
These exceptions to the PSTCA's waiver of sovereign immunity include: "Any claim arising out of assault, battery, false arrest, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."[16]
We strictly construe the PSTCA in favor of the political subdivision and against the waiver of sovereign immunity.[17] It is clear that the Legislature has not waived sovereign immunity for McKenna's false arrest claim.
We find nothing in Bivens[18] that is relevant to the question of whether the State of Nebraska has waived its sovereign immunity from a claim based on false arrest. In Bivens, the U.S. Supreme Court recognized an implied private cause of action against a federal agent acting under color of authority who subjected the plaintiff to a false arrest in violation of the Fourth Amendment to the U.S. Constitution.[19] The Court thus reversed the lower court's dismissal of the plaintiff's claim on the grounds that there was no federal common law or federal statute creating any right of action for false arrest. The Court noted that the power possessed by federal agents, "once granted, does not disappear like a magic gift when it is wrongfully used."[20] But in Bivens, the Court did not address sovereign immunity. Under the Federal Tort Claims Act, the U.S. government waived sovereign immunity for certain intentional torts committed by its investigative and law enforcement officers, including false arrest.[21] The Court did not hold that a selfexecuting constitutional provision, in itself, waives a political subdivision's sovereign immunity.
We agree with other courts that have reasoned that the existence of a self-executing constitutional right does not entail waiver of the state's sovereign immunity from suit based upon such a right.[22] Instead, when a constitutional provision is self-executing, unless it specifically includes language implicating sovereign immunity, it merely creates a right that does not need further legislative action in order to become operable against nonsovereigns.[23] An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the controversy before it.[24] Thus, we need not determine whether the due process and search and seizure provisions of the Nebraska Constitution are self-executing, because that question is not determinative of the outcome of this case.
[15] Despite the Legislature's clear statement that claims based on false arrest, battery, or assault are barred by sovereign immunity, McKenna urges this court to recognize a direct cause of action, because, otherwise, he is without redress. The judiciary does not have the power to waive sovereign immunity regardless of the equities of the case.[25] But we also note that McKenna's assertion that he is without any other remedy is simply not true. In fact, McKenna acknowledges that he has an available remedy under 42 U.S.C. § 1983 (2000), but he has not made a claim under such provision. In Neb. Rev. Stat. § 20-148 (Reissue 2007), the Nebraska Legislature has created a cause of action similar to § 1983:
(1) Any person or company, as defined in section 49-801, except any political subdivision, who subjects or causes to be subjected any citizen of this state or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the United States Constitution or the Constitution and laws of the State of Nebraska, shall be liable to such injured person in a civil action or other proper proceeding for redress brought by such injured person.
But § 20-148, unlike § 1983, explicitly prohibits actions based on constitutional violations against a political subdivision. This only provides further evidence that our Legislature has not intended to waive sovereign immunity for implied causes of action under our constitution.[26] The district court was correct in concluding that McKenna failed to state a claim upon which the court could grant relief.

DISMISSAL OF COMPLAINT
Next, McKenna argues that the facts alleged in his complaint showed that he had a viable cause of action against the City of Omaha based on Julian's negligent use of excessive force during the false arrest. McKenna argues that this battery action does not fall under the "arising out of assault, battery, false arrest" exception to the PSTCA. Complaints should be liberally construed in the plaintiff's favor and should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle the plaintiff to relief.[27] We agree with the district court that viewing the complaint in a light most favorable to McKenna, this action based on excessive force still arises out of claims of false arrest or battery and it is therefore barred as a matter of law by sovereign immunity.
Where a claim against an employee of a political subdivision is based upon acts or omissions occurring within the scope of employment, it is governed by the provisions of the PSTCA.[28] McKenna does not allege, nor does he seem to argue, that Julian acted outside the scope of his employment at the time of the alleged false arrest. McKenna does not allege a negligence claim distinct from Julian's actions giving rise to his false arrest claims. Accordingly, the court was correct in dismissing McKenna's cause of action for excessive use of force.[29]
In Johnson v. State,[30] we concluded that when a cause of action is based on the mere fact of government employment, such as a respondeat superior claim, or on the employment relationship between the intentional tort-feasor and the government, such as a negligent supervision or negligent hiring claim, such claim is barred by the PSTCA, and thus the state is immune from suit. Clearly, McKenna's cause of action for excessive force arises out of the alleged false arrest by Julian, acting within the scope of his employment. McKenna does not plead any facts that would explain how Julian or the City of Omaha would be liable without the connection of the employment relationship between the parties. Therefore, the City of Omaha is protected by sovereign immunity.

CONCLUSION
The district court properly dismissed McKenna's complaint for lack of subject matter jurisdiction, because the claims for which McKenna seeks relief are encompassed by the protections of the PSTCA.
Affirmed.
NOTES
[1] Neb. Rev. Stat. §§ 13-901 through 13-926 (Reissue 1997 & Cum. Supp. 2006).
[2] Kellogg v. Nebraska Dept. of Corr. Servs., 269 Neb. 40, 690 N.W.2d 574 (2005).
[3] Id.
[4] State ex rel. Steinke v. Lautenbaugh, 263 Neb. 652, 642 N.W.2d 132 (2002).
[5] See Geddes v. York County, 273 Neb. 271, 729 N.W.2d 661 (2007).
[6] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).
[7] See Northwall v. State, 263 Neb. 1, 637 N.W.2d 890 (2002). See, also, Livingood v. Meece, 477 N.W.2d 183 (N.D. 1991).
[8] See Hoiengs v. County of Adams, 245 Neb. 877, 516 N.W.2d 223 (1994).
[9] Id.
[10] Livengood v. Nebraska State Patrol Ret. Sys., 273 Neb. 247, 729 N.W.2d 55 (2007).
[11] See Talbot v. Douglas County, 249 Neb. 620, 544 N.W.2d 839 (1996).
[12] § 13-902.
[13] See, §§ 13-901 through 13-926; Geddes v. York County, supra note 5.
[14] Geddes v. York County, supra note 5.
[15] See § 13-910.
[16] § 13-910(7).
[17] Geddes v. York County, supra note 5.
[18] Bivens v. Six Unknown Fed. Narcotics Agents, supra note 6.
[19] Id.
[20] Id. at 392.
[21] 28 U.S.C. § 2680(h) (2006).
[22] See, Figueroa v. State, 61 Haw. 369, 604 P.2d 1198 (1979); Ritchie v. Donnelly, 324 Md. 344, 597 A.2d 432 (1991); Smith v Dep't of Public Health, 428 Mich. 540, 410 N.W.2d 749 (1987); Livingood v. Meece, supra note 7; Garcia v. Reyes, 697 So. 2d 549 (Fla. App. 1997).
[23] See Figueroa v. State, supra note 22.
[24] Burke v. McKay, 268 Neb. 14, 679 N.W.2d 418 (2004).
[25] See, Hoeings v. County of Adams, supra note 8; Neb. Const. art. V, § 22.
[26] See Board of County Com'rs v. Sundheim, 926 P.2d 545 (Colo. 1996).
[27] Kellogg v. Nebraska Dept. of Corr. Servs., supra note 2.
[28] Wise v. Omaha Public Schools, 271 Neb. 635, 714 N.W.2d 19 (2006).
[29] See Policky v. City of Seward, Neb., 433 F. Supp. 2d 1013 (D. Neb. 2006).
[30] Johnson v. State, 270 Neb. 316, 700 N.W.2d 620 (2005).