778 N.W.2d 115 (2010)
279 Neb. 443
McCULLY, INC., doing business as McCully Ranch Company, a Nebraska corporation, appellant,
v.
BACCARO RANCH, a Nebraska limited liability company, appellee.
No. S-09-372.
Supreme Court of Nebraska.
February 12, 2010.
*117 Ward F. Hoppe, Lincoln, and Tonia M. Novak, of Hoppe, Vogt & Barrows, L.L.P., for appellant.
George G. Vinton, North Platte, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
HEAVICAN, C.J.

I. INTRODUCTION
McCully, Inc., doing business as McCully Ranch Company (McCully), appeals the decision of the Hooker County District Court dismissing its amended complaint for failure to state a claim. McCully, a real estate brokerage, claims that Baccaro, Inc., breached a listing agreement and that it should be able to recover a commission from Baccaro under the agreement or, in the alternative, that quantum meruit should apply. The district court dismissed McCully's complaint for failure to state a claim. McCully also filed a motion to disqualify opposing counsel, which the district court denied. We reverse the decision of the district court as to the motion to dismiss but affirm as to the motion to disqualify.

II. BACKGROUND
McCully and Baccaro entered into a "Farm, Ranch and Land Exclusive Right to Sell or Exchange Listing" (listing agreement) on or about December 23, 2006. McCully filed its complaint in the district court on August 11, 2008. Baccaro responded with a motion to dismiss on August 21, which was granted, along with leave to amend. McCully filed an amended complaint on November 3, alleging both a breach of contract and unjust enrichment by Baccaro.
According to the amended complaint, Baccaro appointed McCully as Baccaro's exclusive agent for the purpose of selling a ranch property in Hooker County, Nebraska. According to McCully, during the term covered by the listing agreement, December 23, 2006, through December 1, 2007, McCully found a buyer willing to exchange its ranch for Baccaro's ranch, plus an additional $180,000. Baccaro made a counteroffer for a direct exchange without an additional payment. At that time, the potential buyer refused the counteroffer. McCully's amended complaint alleged that on September 6, 2007, the same potential buyer accepted Baccaro's counteroffer, but that Baccaro refused to consent to the exchange until after the listing agreement had lapsed, in an effort to avoid compensating McCully.
In its amended complaint, McCully alleged both a breach of contract and unjust enrichment by Baccaro. Baccaro filed a motion to dismiss for failure to state a claim under Neb. Ct. R. Civ. Pldg. § 6-1112(b)(6). McCully later filed a motion to disqualify Baccaro's counsel based on a conflict of interest, which motion the district court denied. The district court granted Baccaro's motion to dismiss, finding that the listing agreement was unenforceable under the statute of frauds and that McCully could not circumvent the statute of frauds by pleading unjust enrichment. McCully appealed.

III. ASSIGNMENTS OF ERROR
McCully assigns, consolidated and restated, that the district court erred when it found that (1) McCully failed to state a *118 claim for breach of contract or quantum meruit and (2) there was no conflict of interest sufficient to disqualify Baccaro's counsel.

IV. STANDARD OF REVIEW
An appellate court reviews a district court's grant of a motion to dismiss de novo, accepting all the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.[1]
Complaints should be liberally construed in the plaintiff's favor and should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle the plaintiff to relief.[2]
A motion to disqualify an attorney is addressed to the discretion of the trial court, whose findings will not be disturbed absent evidence of abuse.[3]

V. ANALYSIS

1. DISTRICT COURT ERRED WHEN IT GRANTED BACCARO'S MOTION TO DISMISS
We first turn to the district court's grant of Baccaro's motion to dismiss. The district court granted Baccaro's motion to dismiss based on Neb.Rev.Stat. § 76-2422 (Reissue 2009), which requires a "written agreement" for brokerage services. Under § 76-2422(6), a "written agency agreement" for brokerage services must specify "the agent's duties and responsibilities, including... the terms of compensation." The district court determined that § 76-2422 operated as a statute of frauds and that therefore, parol evidence was not allowed.[4] The district court determined the listing agreement was void because the listing agreement did not sufficiently specify the terms of compensation in the event of an exchange of land and parol evidence would be required to establish material terms of the agreement. The district court also found that McCully could not avoid the statute of frauds by alleging unjust enrichment.
We begin by noting that § 76-2422 was first enacted in 1994 as part of an effort to "codify in statute the relationships between real estate brokers or salespersons and persons who are sellers, landlords, buyers, or tenants of rights and interests in real property."[5] The consequence for violating any provision of Neb. Rev.Stat. §§ 76-2401 to 76-2430 (Reissue 2009) is that such violation is considered an unfair trade practice[6] and is subject to administrative action under the Nebraska Real Estate License Act.[7] Section 76-2422 is therefore part of a statutory scheme regulating the agency relationships of real estate brokers and salespersons to buyers and sellers of real property, and it should be read in conjunction with the Nebraska Real Estate License Act.

(a) § 76-2422 Applies to Exchanges of Land
On appeal, McCully argues that § 76-2422 applies only to sales, not exchanges, *119 of real property and therefore is irrelevant in this case. As such, McCully argues that its allegations that Baccaro was unjustly enriched should survive a motion to dismiss. Section 76-2422(6) provides in relevant part:
Before engaging in any of the activities enumerated in subdivision (2) of section 81-885.01, a designated broker who intends to establish an agency relationship with any party or parties to a transaction... shall enter into a written agency agreement with a party or parties to the transaction to perform services on their behalf. The agreement shall specify the agent's duties and responsibilities, including any duty of confidentiality, and the terms of compensation. Any agreement under this subsection shall be subject to the common-law requirements of agency applicable to real estate licensees.
Section 81-885.01(2) defines a broker as "any person who, for any form of compensation or consideration or with the intent or expectation of receiving the same from another, negotiates or attempts to negotiate the listing, sale, purchase, exchange, rent, lease, or option for any real estate." (Emphasis supplied.) Therefore, under the plain language of § 81-885.01(2), one of the enumerated activities covered by § 76-2422(6) is the exchange of property, and McCully's argument is without merit.

(b) § 76-2422 Does Not Act as Statute of Frauds
We next turn to the question of whether § 76-2422 acts as a statute of frauds, as such was the district court's basis for granting Baccaro's motion to dismiss. The district court found that "the listing agreement [did] not contain a certain compensation for payment" from Baccaro to McCully and that the lack of these terms rendered the agreement unenforceable. Moreover, the district court, citing Blair v. Austin,[8] found that McCully could not "circumvent the statute of frauds by pleading the action in quantum meruit." While we agree that a party cannot circumvent the statute of frauds based on quantum meruit,[9] we find that § 76-2422 does not operate as a statute of frauds, and as such, the district court was incorrect to grant the motion to dismiss on those grounds.
We note that Nebraska has a statute of frauds that explicitly applies to the sale of real estate. Neb.Rev.Stat. § 36-107 (Reissue 2008), first passed in 1897, states:
Every contract for the sale of lands between the owner thereof and any broker or agent employed to sell the same, shall be void, unless the contract is in writing and subscribed by the owner of the land and the broker or agent. Such contract shall describe the land to be sold, and set forth the compensation to be allowed by the owner in case of sale by the broker or agent.
(Emphasis supplied.) Under the plain language of this statute, noncompliance with its requirements means that the agreement is void and unenforceable, but prior case law has held that this statute does not apply to exchanges of land.[10]
In contrast, § 76-2422 and its related statutes contain no language that would render an agreement void. Section 76-2422 discusses the need for a written agreement in certain circumstances. As already noted, however, § 76-2422 is part of a larger scheme to regulate real estate *120 brokers and salespersons, and a violation of a statute in this section may result in administrative action under the Nebraska Real Estate License Act. We therefore find that § 76-2422 does not operate as a statute of frauds.

(c) Amended Complaint
The question then presented to this court is whether McCully's amended complaint was sufficient to survive a motion to dismiss. We review a district court's grant of a motion to dismiss de novo, accepting all facts in the complaint as true and drawing all inferences in favor of the nonmoving party.[11] Complaints should be liberally construed in the plaintiff's favor and should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle the plaintiff to relief.[12]
We find that the amended complaint was sufficient to survive Baccaro's motion to dismiss. The amended complaint states that the exchange was based on the listed value of $1.6 million and that Baccaro breached the contract after McCully had performed by finding a buyer for the property. Furthermore, the listing agreement provided sufficient terms of compensation to satisfy § 76-2422. The listing agreement includes a sliding-scale fee arrangement in which the commission is based on a percentage of the purchase price. The listing agreement also states that the "[c]omission rate based on the gross sale price of the property shall be payable to BROKER ... [i]f, during the term of the Listing, ... seller exchanges the Property." We find that when read together, the listing agreement and the amended complaint set out sufficient terms of compensation to state a claim upon which relief could be granted.

2. DISTRICT COURT DID NOT ERR IN DENYING MOTION TO DISQUALIFY
McCully argues that the district court erred when it denied the motion to disqualify Baccaro's counsel. One of the owners of McCully, Kevin McCully, claims that George Vinton, counsel for Baccaro, represented him in matters the same as or substantially related to those involved in this suit. The district court found that Vinton did not represent McCully, or Kevin McCully, other than to prepare limited liability company forms for the McCully ranch in 2004.
We note that this case presents in an unusual procedural posture in that typically, the denial of a motion to disqualify will be challenged by mandamus. In this case, though, the issue is presented to us on direct appeal. We held in CenTra, Inc. v. Chandler Ins. Co.[13] that "when an appeal from an order denying disqualification involves issues collateral to the basic controversy, and when an appeal from a judgment dispositive of the entire case would not be likely to protect the client's interests, the party should seek mandamus or other interlocutory review." In other words, once a case has been litigated, an appellate court will not disturb the denial of a motion to disqualify counsel, because to do so will give litigants "a second bite at the apple."[14] The present case, however, involves an appeal from a motion to dismiss that was sustained at the same time the motion to disqualify was denied, and none of the concerns present in CenTra, Inc. are present here. Because we are *121 reversing and remanding on grounds other than the denial of the motion to disqualify, and because this issue may arise again, we address McCully's assignment of error here.
Kevin McCully claimed that he had consulted with Vinton approximately once per month since 2003 and that he had received advice on land sales and closing transactions for McCully. He stated that he had not received a bill from Vinton, other than for the preparation of limited liability company documents in 2004. Kevin McCully claimed that he consulted with Vinton regarding wills and real estate matters for which McCully was never billed. Kevin McCully also claimed that he referred Baccaro to Vinton to assist Baccaro in correcting a boundary line problem and that he attempted to consult with Vinton on the issue of compensation in this case. At that time, Vinton informed McCully that he was working for Baccaro. Kevin McCully alleged that Vinton had enough information about his personality and approach to real estate issues that Vinton had inside information he could use against McCully in this matter. Kevin McCully's wife also submitted an affidavit claiming that she considered Vinton the family attorney.
One of the managing members of Baccaro, Alma Bullington, characterized Vinton as counsel for Baccaro for various matters since at least 2006. She stated that Vinton worked on resolving boundary issues as well as a potential contract between Baccaro and McCully in September 2007. Bullington claims that Vinton served as Baccaro's attorney from February 2007 through July 2008 and that at no time did she believe that Vinton was also serving as McCully's attorney. Bullington stated that Baccaro paid all of the legal bills for Vinton's work and that when McCully approached Vinton, Vinton stated that he would work on the agreement between the two only if authorized by Baccaro. Another managing member of Baccaro provided an affidavit that made essentially the same claims. Both of these managing members of Baccaro claimed that McCully never informed them that Vinton was also representing McCully.
In Vinton's affidavit, he stated that he had done work for various members of Bullington's family and Baccaro since the early 1990's. He also stated affirmatively that he never considered himself to be McCully's attorney. Vinton alleged that McCully was aware of this fact and that McCully came to him for his assistance on the boundary dispute because McCully was aware of Vinton's representation of Baccaro and the Bullington family. Vinton stated that McCully referred two parties to Vinton for whom McCully was the Realtor, but that Vinton did not work for McCully, nor did he bill McCully for any work done. Vinton stated that McCully prepared the listing agreement and that Vinton did not become involved in the present case until well after the agreement had been signed by both parties. Vinton stated that he worked with Kevin McCully, but never for him other than to prepare the limited liability company documents, and that Kevin McCully would have no reason to believe that Vinton had ever served as his attorney.
A motion to disqualify an attorney is addressed to the discretion of the trial court, whose findings will not be disturbed absent evidence of abuse.[15] An attorney disqualification matter is ancillary to the main case, whether the main case is at law, in equity, or a special proceeding; thus, factual findings in disqualification cases will not be disturbed on appeal if *122 substantial evidence supports those findings.[16] Neb. Ct. R. of Prof. Cond. § 3-501.9(a) provides that
[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
We find no abuse of discretion in the district court's determination that Vinton had not served as McCully's attorney in the same or a substantially related matter. Although Kevin McCully claims that Vinton represented him in the matter at hand, he presents no evidence of such. The only matter in which Kevin McCully can demonstrate that Vinton represented him was in creating limited liability company documents 5 years previously. Preparing those documents cannot be considered "the same or a substantially related matter" with regard to this case. We therefore affirm the district court's denial of the motion to disqualify Baccaro's attorney.

VI. CONCLUSION
We find that McCully's complaint established a claim and a set of facts upon which relief could be granted, and we therefore reverse the decision of the district court granting Baccaro's motion to dismiss. We find that the district court did not abuse its discretion when it denied McCully's motion to disqualify opposing counsel, however. We therefore reinstate McCully's amended complaint and remand for proceedings consistent with this opinion.
AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.
NOTES
[1] McKenna v. Julian, 277 Neb. 522, 763 N.W.2d 384 (2009).
[2] Id.
[3] CenTra, Inc. v. Chandler Ins. Co., 248 Neb. 844, 540 N.W.2d 318 (1995).
[4] See Krueger v. Callies, 190 Neb. 376, 208 N.W.2d 685 (1973).
[5] Neb.Rev.Stat. § 76-2401(3) (Reissue 2009).
[6] § 76-2425.
[7] See Neb.Rev.Stat. §§ 81-885.01 to 81-885.55 (Reissue 2008).
[8] Blair v. Austin, 71 Neb. 401, 98 N.W. 1040 (1904).
[9] See id.
[10] Dunn v. Snell, 124 Neb. 560, 247 N.W. 428 (1933).
[11] See Anderson v. Wells Fargo Fin. Accept., 269 Neb. 595, 694 N.W.2d 625 (2005).
[12] McKenna, supra note 1.
[13] CenTra, Inc., supra note 3, 248 Neb. at 854, 540 N.W.2d at 327.
[14] Id. at 852, 540 N.W.2d at 326.
[15] CenTra, Inc., supra note 3.
[16] See id.