IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STANKO V. SMITH, KING, SIMMONS & CONN LAW

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

RUDY STANKO, APPELLANT,

V.

SMITH, KING, SIMMONS & CONN LAW, P.C., ET AL, APPELLEES.

Filed August 2, 2022.    No. A-21-559.

Appeal from the District Court for Sheridan County: TRAVIS P. O'GORMAN, Judge. Affirmed.

Rudy Stanko, pro se.

Douglas J. Peterson, Attorney General, and James A. Campbell, Solicitor General, for appellee State of Nebraska.

Steven W. Olsen and Amy N. Leininger, of Simmons Olsen Law Firm, P.C., L.L.O., for Smith, King, Simmons and Conn Law Firm; Michael Smith; Dennis King; Jamian Simmons; and Aaron Conn, for appellees.

MOORE, RIEDMANN and WELCH, Judges.

WELCH, Judge.

### INTRODUCTION

Rudy Stanko appeals from the district court's dismissal of his pro se complaint filed against the Smith, King, Simmons & Conn, P.C. Law Firm (Law Firm), and against Michael Smith, Dennis King, Jamian Simmons, and Aaron Conn in their individual and official capacities when acting as county or city attorneys. Stanko's complaint alleged the defendants were liable for legal malpractice and constitutional violations under 42 U.S.C. § 1983. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

The factual basis of Stanko's claims appear to involve multiple matters first occurring in 2001 and spanning a 20-year period. Summarized, he alleges that the Law Firm originally represented him in connection with a real estate dispute in which he claims the Law Firm committed malpractice in 2003 by fraudulently preparing an order that changed the original caption of the complaint. He claims the Law Firm hired a prosecutor out of Sioux City, Nebraska, to prosecute him in 2005 (in order to avoid a conflict of interest) but engaged in a conspiracy to have him arrested in connection with a charge of assault and possession of a firearm in that matter. He claims that, in 2012, after he was released from prison, the Law Firm (or specified attorneys) violated his constitutional rights under 42 U.S.C. § 1983 by maliciously prosecuting him and further engaging in conflicts of interest. He then assigned further claims of malicious prosecution by members of the Law Firm who acted as county attorneys during the time period between 2013 through 2020. Although Stanko did not include the State as a party defendant in the caption of his complaint, the State made an appearance because of the reference to certain defendants acting under color of state law in their alleged actions. The district court summarized Stanko's complaint stating:

> Stanko's Complaint appears to allege five causes of action or claims: a "common law civil tort of malpractice" against Defendant Law Firm . . . ; three constitutional due process/equal protection claims against Defendants Conn, Smith, King, Simmons, and their law firm for alleged malicious prosecution, conflict of interest, and retaliation, and one constitutional illegal search and seizure claim against Defendant Conn.
>
> The four constitutional claims allege the individually named defendants were acting under color of state law in their capacities as county and/or deputy county attorneys, which appears to be the basis for Stanko's claims against the State.

On April 4, 2021, the defendants (including the State) filed motions to dismiss Stanko's complaint for failure to state a claim for which relief could be granted or for lack of subject matter jurisdiction. After a hearing on the motions, the district court entered an order finding that (1) Stanko's claims against the State were barred by sovereign immunity and the court lacked jurisdiction over them; (2) Stanko's malpractice claim was barred by the statute of limitations as the claim occurred in 2003; (3) private practice attorneys may simultaneously serve as county attorneys in Sheridan County pursuant to Neb. Rev. Stat. § 23-1206.01 (Reissue 2012); (4) Stanko's claims of malicious prosecution and malpractice in defendants' official capacity are barred by sovereign immunity; and (5) all parties were entitled to dismissal with prejudice for failure to state a claim upon which relief could be granted.

## ASSIGNMENTS OF ERROR

Stanko has appealed to this court assigning as error that (1) he has a constitutional and statutory right to sue the State; (2) the common law court "cannot trump the demand for the Common Law Jury" and for that jury to decide the applicable statute of limitations; (3) the court failed to protect his right under the 7th Amendment and Article 1-6 of the Nebraska Constitution for a jury to decide the facts and damages related to his complaint; and (4) § 23-1206.01 is vague,

inequitable, and unconstitutional as it permits counties with less than 200,000 people to allow private practice attorneys to simultaneously serve as county attorneys, but the statute does not permit the same for counties with more than 200,000 people.

STANDARD OF REVIEW

An appellate court reviews a district court's order granting a motion to dismiss de novo, accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Chaney v. Evnen*, 307 Neb. 512, 949 N.W.2d 761 (2020).

Determining when the statute of limitations starts presents a question of law. *Lenz v. Central Parking System of Neb.*, 288 Neb. 453, 848 N.W.2d 623 (2014).

Whether a plaintiff's allegations present a claim that is barred by an exception to the State's waiver of tort immunity in a tort claims act presents a question of law. *Davis v. State*, 297 Neb. 955, 902 N.W.2d 165 (2017). Sovereign immunity is jurisdictional in nature, and courts have a duty to determine whether they have subject matter jurisdiction over a matter. *State ex rel. Rhiley v. Nebraska State Patrol*, 301 Neb. 241, 917 N.W.2d 903 (2018). A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Id.*

An appellate court reviews de novo whether a party is entitled to dismissal of a claim based on federal or state immunity, drawing all reasonable inferences for the nonmoving party. *Anthony K. v. Nebraska Dept. of Health & Human Servs.*, 289 Neb. 540, 855 N.W.2d 788 (2014).

ANALYSIS

Before addressing Stanko's assigned errors, a brief review of the law regarding motions to dismiss is in order. To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Chaney v. Evnen, supra*. In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim. *Id.*

The district court ultimately found that the common law malpractice claims were barred by the applicable statute of limitations and the four constitutional claims against the State and its alleged State actors were barred by the doctrine of sovereign immunity. For these reasons, the court granted the defendants' motions to dismiss in their entirety and dismissed Stanko's claims with prejudice.

As to these findings, Stanko assigned that the court erred in the following particulars:

**No. 1.** [Stanko] has a Constitutional right (Article V, section 22) to sue the State, and a statutory right ([Neb. Rev. Stat.] § 8-8,219(4[)]) to bring a suit against the State.

**No. 2.** The judge in equity, but in a Common Law court cannot trump the demand for the Common Law Jury at Law, and for the Common Law Jury to decide what is the statute of limitations. Besides most of the seventy-two (72) facts stated in the complaint involve current civil wrongs, and do not violate the equitable statute of limitations.

**No. 3.** The lower Court failed to protect [Stanko's] Federal 7th Amendment right and Article I-6 of Nebraska['s] right to a Jury Trial.

**No. 4.** [Nebraska Revised Statute] § 23-1206.01 is vague, inequitable and unconstitutional by claiming county attorneys in counties with 200,000 cannot have a private practice, while the county attorneys in counties with less than 200,000 can have a private practice, be the city attorney and also have all three partners assist them as their deputy county attorneys. In addition[,] they all obtain all the health and retirement benefits from the Sheridan County government and paid by the Sheridan County taxpayers.

Brief for appellant at 7. We will address these assigned errors independently.

CONSTITUTIONAL AND STATUTORY RIGHT TO SUE THE STATE

Stanko first assigns and argues that he has a constitutional and statutory right to sue the State. Because the district court dismissed Stanko's four constitutionally based claims as violative of the doctrine of sovereign immunity, we interpret Stanko's assignment of error as being the district court erred in finding his four constitutionally based claims were barred by the doctrine of sovereign immunity.

In his complaint, and on appeal, Stanko argues that the State was not immune from his constitutional claims because they were brought under the umbrella of 42 U.S.C. § 1983. Stanko's argument is misplaced. As the Nebraska Supreme Court pronounced in *Anthony K. v. State*, 289 Neb. 523, 536-37, 855 N.W.2d 802, 812 (2014):

> The immunity of states from suit is a fundamental aspect of the sovereignty which the states enjoyed before ratification of the Constitution and which they retain today. *Northern Ins. Co. of N. Y. v. Chatham County, Ga.*, 547 U.S. 189, 126 S. Ct. 1689, 164 L. Ed. 2d 367 (2006), citing *Alden v. Maine*, 527 U.S. 706, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999). It is inherent in the nature of sovereignty for a state not to be amenable to the suit of an individual without its consent. *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996).

> Neb. Const. art. V, § 22, provides that the State may sue and be sued and that the Legislature shall provide by law in what manner and in what courts suits shall be brought. *McKenna v. Julian*, 277 Neb. 522, 763 N.W.2d 384 (2009). We have interpreted this provision to mean that the State is permitted to lay its sovereignty aside and consent to be sued on such terms and conditions as the Legislature may prescribe. *Id*.

> But Nebraska has not waived its sovereign immunity with regard to § 1983 suits brought against it. See, *Stagemeyer v. County of Dawson,* 192 F. Supp. 2d 998 (D. Neb. 2002); *Winnie v. Clarke,* 893 F. Supp. 875 (D. Neb. 1995); *Shearer v. Leuenberger*, 256 Neb. 566, 591 N.W.2d 762 (1999), *disapproved on other grounds, Simon v. City of Omaha*, 267 Neb. 718, 677 N.W.2d 129 (2004); *Patteson v. Johnson*, 219 Neb. 852, 367 N.W.2d 123 (1985); *Wiseman v. Keller,* 218 Neb. 717, 358 N.W.2d 768 (1984). Neither did the enactment of § 1983 abrogate the State's 11th Amendment immunity by creating a remedy against the State. See *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), *holding limited on other grounds, Hafer v. Melo*, 502 U.S. 21,

112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). There is no waiver of immunity by the State that would allow the plaintiffs' suit against it.

While perhaps recognizing that the State could only be sued by consent through the legislature, Stanko argues that the State did consent to his § 1983-based claims by virtue of Neb. Rev. Stat. § 81-8,219 (Cum. Supp. 2020) which provides, in pertinent part:

The State Tort Claims Act shall not apply to:

. . . .

(4) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, or interference with contract rights, except that this subdivision does not apply to a claim under the Healthy Pregnancies for Incarcerated Women Act[.]

Stanko argues that, because his claims are primarily founded under a theory of malicious prosecution, pursuant to § 81-8,219(4), the State has consented to suit in connection with his alleged violations. Stanko misreads the State Tort Claims Act and this section.

The State is generally immune from suit with the exception of claims for which it consents to be sued. The State Tort Claims Act provides a basis for which the State consents to be sued. Section 81-8,219(4) clarifies that the State's consent to be sued does not include the aforementioned claims. As such, the State retained sovereign immunity in relation to the constitutional claims in which Stanko attempted to sue the State and the district court did not err in dismissing those claims under the doctrine of sovereign immunity.

WHETHER JURY MUST DECIDE STATUTE OF LIMITATIONS ISSUE

The district court dismissed Stanko's common law malpractice claim against the law firm and its attorneys for having been filed outside of the applicable statute of limitations. As we understand Stanko's assignment of error, he claims he was entitled to a jury trial on the issue of whether the statute of limitations was violated. We disagree.

The resolution of Stanko's assignment of error is a combination of the following propositions of law. "A trial is a judicial examination of the issues, whether of law or of fact in an action." Neb. Rev. Stat. § 25-1103 (Reissue 2016). "Issues of law must be tried by the court, unless referred as provided in section 25-1129." Neb. Rev. Stat. § 25-1104 (Reissue 2016). "The determination of which statute of limitations applies is a question of law." *Alegent Health Bergan Mercy Med. Ctr. v. Haworth*, 260 Neb. 63, 67, 615 N.W.2d 460, 465 (2000). Further, "[i]f the facts in a case are undisputed, the issue as to when the statute of limitations begins to run is a question of law." *Dutton-Lainson Co. v. Continental Ins. Co.*, 271 Neb. 810, 824, 716 N.W.2d 87, 99 (2006).

Dismissal under § 6-1112(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Britton v. City of Crawford*, 282 Neb. 374, 803 N.W.2d 508 (2011).

Here, Stanko pled that the law firm and certain of its attorneys committed malpractice in connection with professional legal services occurring in 2003. In response to the defendants' Rule

6-1112(b)(6) motion to dismiss, the district court found that the applicable statute of limitations is set forth in Neb. Rev. Stat. § 25-222 (Reissue 2016) which provides:

Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided*, if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; *and provided further*, that in no event may any action be commenced to recover damages for professional negligence or breach of warranty in rendering or failure to render professional services more than ten years after the date of rendering or failure to render such professional service which provides the basis for the cause of action.

The district court found that "[b]ased upon the plain language of the statute, Stanko's claim of malpractice is barred by the statute of limitations."

On the face of his complaint, Stanko alleged he was entitled to relief for acts of professional negligence occurring in 2003. Questions as to the applicable statute of limitations and its commencement were questions of law to be decided by the court, not a jury. Because Stanko pled, on the face of the complaint, an insuperable bar to relief when applying the applicable two-year professional negligence statute of limitations, the court did not err in deciding the matter as one of law and dismissing Stanko's action without a jury trial on the issue. This assignment of error fails.

ENTITLEMENT TO JURY ON CONSTITUTIONALLY BASED CLAIMS

Stanko separately argues that he was entitled to a jury on his constitutionally based claims. But as we stated previously, the district court properly dismissed Stanko's four constitutionally based claims pled under the umbrella of 42 U.S.C. § 1983 applying the doctrine of sovereign immunity. "Sovereign immunity is jurisdictional in nature, and courts have a duty to determine whether they have subject matter jurisdiction over a matter." *Cappel v. State*, 298 Neb. 445, 451, 905 N.W.2d 38, 45 (2017). Having properly found that the State and its alleged actors were immune from the lawsuit as pled, the district court lacked jurisdiction over the matter and Stanko was not entitled to a jury trial on the merits of his claims. See *Boyd v. Cook*, 298 Neb. 819, 906 N.W.2d 31 (2018) (subject matter jurisdiction is power of tribunal to hear and determine case in general class or category to which proceedings in question belong and to deal with general subject matter involved). This assignment of error fails.

CONSTITUTIONALITY OF § 23-1206.01

Stanko's final assignment of error is that § 23-1206.01 is vague, inequitable, and unconstitutional as it permits counties with less than 200,000 people to allow private practice attorneys to simultaneously serve as county attorneys but does not permit the same for counties with more than 200,000 people.

Although the Nebraska Court of Appeals cannot determine the constitutionality of a statute, when necessary to a decision in the case before it, the court does have jurisdiction to determine whether a constitutional question has been properly raised. *Cotton v. Fruge*, 8 Neb. App. 484, 596 N.W.2d 32 (1999). Neb. Ct. R. App. P. § 2-109(E) mandates that a party presenting a case involving the federal or state constitutionality of a statute must file and serve notice thereof with the Supreme Court Clerk by separate written notice or in a petition to bypass at the time of filing such party's brief and provide the Attorney General with a copy of its brief if the Attorney General is not already a party to the case. *State v. Catlin*, 308 Neb. 294, 953 N.W.2d 563 (2021). At the time that Stanko filed his brief, section 2-109(E) stated in full:

> Cases Involving Constitutional Questions. A party presenting a case involving the federal or state constitutionality of a statute must file and serve notice thereof with the Supreme Court Clerk by a separate written notice or by notice in a Petition to Bypass at the time of filing such party's brief. If the Attorney General is not already a party to an action where the constitutionality of the statute is in issue, a copy of the brief assigning unconstitutionality must be served on the Attorney General within 5 days of the filing of the brief with the Supreme Court Clerk; proof of such service shall be filed with the Supreme Court Clerk.

(Please note that effective January 1, 2022, § 2-109(E) has been amended.) If a party fails to observe § 2-109(E), the Nebraska Supreme Court will not consider the constitutionality of the statute under attack. *Smith v. Wedekind*, 302 Neb. 387, 923 N.W.2d 392 (2019).

Here, although the State was a party and was served with Stanko's brief, Stanko did not file and serve notice of raising the constitutionality of § 23-1206.01 with the Clerk by a separate written notice or by notice in a Petition to Bypass at the time of filing of his brief. Stanko's failure to strictly comply with § 2-109(E) failed to properly raise the issue of the constitutionality of § 23-2106.01.

CONCLUSION

Having considered and rejected Stanko's assigned errors, or found that they were not properly preserved, we affirm the decision of the district court.

AFFIRMED.