Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/20/2018 08:10 AM CDT

State of Nebraska, appellee, v.
William A. Epp, appellant.
___ N.W.2d ___

Filed April 20, 2018.    No. S-17-297.

1. **Limitations of Actions.** If the facts in a case are undisputed, the issue as to when the statute of limitations begins to run is a question of law.
2. **Postconviction: Right to Counsel: Appeal and Error.** Failure to appoint counsel in postconviction proceedings is not error in the absence of an abuse of discretion.
3. **Constitutional Law: Rules of the Supreme Court: Courts: Statutes.** Strict compliance with Neb. Ct. R. App. P. § 2-109(E) (rev. 2014) is necessary whenever a litigant challenges the constitutionality of a statute, regardless of how that constitutional challenge may be characterized.
4. **Postconviction: Proof.** If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing.
5. **Postconviction: Justiciable Issues: Right to Counsel: Appeal and Error.** Where the assigned errors in the postconviction petition before the district court are either procedurally barred or without merit, establishing that the postconviction action contained no justiciable issue of law or fact, it is not an abuse of discretion to fail to appoint appellate counsel for an indigent defendant.

Appeal from the District Court for Gage County: Vicky L. Johnson, Judge. Affirmed.

William A. Epp, pro se.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

Heavican, C.J., Miller-Lerman, and Stacy, JJ., and Luther and O'Gorman, District Judges.

Heavican, C.J.

## NATURE OF CASE

This case presents an appeal from the dismissal of a motion for postconviction relief without an evidentiary hearing or the appointment of counsel. The district court dismissed the motion as filed outside the 1-year limitations period set forth in Neb. Rev. Stat. § 29-3001 (Reissue 2016). We affirm.

## BACKGROUND

In 2007, William A. Epp was charged with robbery, use of a deadly weapon to commit a felony, and possession of a deadly weapon by a felon. The information also alleged that Epp was a habitual criminal. A jury convicted Epp of robbery and possession of a deadly weapon by a felon, but acquitted him of use of a deadly weapon to commit a felony. Epp was sentenced to 60 to 60 years' imprisonment on both his conviction for robbery and his conviction for possession of a deadly weapon by a felon. The court ordered the sentences to be served consecutively.

Epp appealed his convictions and sentences, which were affirmed by this court.[1] As pertinent here, we found in *State v. Epp*[2] that we did not need to address Epp's argument that Neb. Rev. Stat. § 25-1233 (Reissue 2016), which limits transportation of inmate witnesses, was unconstitutional, because the trial court did not err in finding that the inmate testimony Epp proffered was inadmissible hearsay. We also rejected Epp's argument that there was insufficient evidence supporting his conviction for possession of a deadly weapon by a felon. Finally, we rejected Epp's argument that the trial court had erred in admitting evidence supporting habitual

---

[1] See *State v. Epp*, 278 Neb. 683, 773 N.W.2d 356 (2009).

[2] *Id.*

criminal enhancement. Epp's sentences became final on October 27, 2009.

Epp filed a motion for postconviction relief on November 28, 2016, alleging four claims for relief. Epp alleged, first, that the 1-year period of limitation set forth in § 29-3001 violated the ex post facto clauses of the U.S. and Nebraska Constitutions. Second, Epp alleged that Neb. Rev. Stat. § 29-2221 (Reissue 2016) violates the Sixth Amendment right to an impartial jury by allowing a judge instead of a jury to find the existence of prior convictions. Third, Epp alleged there was insufficient evidence for his conviction of possession of a deadly weapon by a felon, which conviction was allegedly inconsistent with the jury's acquittal on the charge of use of a deadly weapon to commit a felony. Fourth, Epp alleged that § 25-1233 violated equal protection under the U.S. and Nebraska Constitutions.

The district court dismissed Epp's motion without an evidentiary hearing or the appointment of counsel. The court found that the postconviction motion was barred by the 1-year period of limitation set forth in § 29-3001(4)(e), which provides that the 1-year period will run from the date of August 27, 2011 (the effective date of the statute's enactment), if the other subsections do not apply. The court found no merit to Epp's argument that the limitations period was unconstitutional.

Alternatively to the court's conclusion that the motion was filed outside the 1-year limitations period, the court concluded that the allegations in the motion for postconviction relief either failed to state a claim that Epp's convictions were void or voidable, lacked merit as a matter of law, or were procedurally barred. Specifically, the court found that Epp's claim regarding the constitutionality of § 29-3001(4)(e) failed to allege a constitutional violation that would render his convictions void or voidable; thus, it did not present a valid claim for postconviction relief. The court concluded Epp's argument

regarding § 29-2221 had no merit and has been rejected by this court in *State v. Johnson*.[3] Lastly, the court found that Epp's claims challenging the constitutionality of § 25-1233 and the sufficiency of the evidence to support his conviction for felon in possession were litigated on direct appeal and, therefore, procedurally barred.

Epp appealed. We moved the appeal to our docket on our own motion, in accordance with this court's authority to regulate the caseloads of the appellate courts of this state.[4] Epp did not file notice that he was raising an issue involving the constitutionality of a statute as required by Neb. Ct. R. App. P. § 2-109(E) (rev. 2014).

## ASSIGNMENTS OF ERROR

Epp assigns that the district court erred in failing to (1) grant an evidentiary hearing, (2) appoint counsel, and (3) grant postconviction relief.

## STANDARD OF REVIEW

[1] If the facts in a case are undisputed, the issue as to when thestatute of limitations begins to run is a question of law.[5]

[2] Failure to appoint counsel in postconviction proceedings is not error in the absence of an abuse of discretion.[6]

## ANALYSIS

Postconviction motions are subject to the limitations period set forth in § 29-3001(4), which states:

> A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:

---

[3] *State v. Johnson*, 290 Neb. 369, 859 N.W.2d 877 (2015).

[4] See Neb. Rev. Stat. § 24-1106(3) (Supp. 2017).

[5] *State v. Huggins*, 291 Neb. 443, 866 N.W.2d 80 (2015).

[6] *State v. Ely*, 295 Neb. 607, 889 N.W.2d 377 (2017).

(a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;

(b) The date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence;

(c) The date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action;

(d) The date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court, if the newly recognized right has been made applicable retroactively to cases on postconviction collateral review; or

(e) August 27, 2011.

The parties agree that subsections (4)(a) through (d) do not apply. Under the facts of this case, the latest date from which the 1-year limitations period runs is August 27, 2011, as set forth in § 29-3001(4)(e). Epp argues, however, that application of any provision of § 29-3001 violates the ex post facto clauses of the U.S. and Nebraska Constitutions.[7]

[3] Epp did not file notice as required by § 2-109(E). Section 2-109(E) requires that a party presenting a case involving the federal or state constitutionality of a statute must file and serve notice thereof with the Supreme Court Clerk by a separate written notice in a petition to bypass at the time of filing such party's brief. Strict compliance with § 2-109(E) is necessary whenever a litigant challenges the constitutionality of a statute, regardless of how that constitutional challenge may be characterized.[8] Therefore, we do not address Epp's

---

[7] U.S. Const. art. I, § 10, and Neb. Const. art. I, § 16.

[8] *State v. Boche*, 294 Neb. 912, 885 N.W.2d 523 (2016).

claim that § 29-3001(4)(e) violates prohibitions against ex post facto laws. However, we note that we recently held in *State v. Amaya*[9] that § 29-3001 does not violate the ex post facto clauses of the U.S. and Nebraska Constitutions.

[4] There is no dispute that Epp's motion for postconviction relief, filed on November 28, 2016, was outside the 1-year limitations period set forth in § 29-3001(4)(e). Accordingly, the district court did not err in dismissing the motion as outside the limitations period without conducting an evidentiary hearing. If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing.[10]

[5] For similar reasons, the district court did not err in denying Epp's motion for appointment of counsel. Under the Nebraska Postconviction Act, it is within the discretion of the trial court as to whether counsel shall be appointed to represent the defendant.[11] Where the assigned errors in the postconviction petition before the district court are either procedurally barred or without merit, establishing that the postconviction action contained no justiciable issue of law or fact, it is not an abuse of discretion to fail to appoint appellate counsel for an indigent defendant.[12] Epp's motion presented no justiciable issue of law or fact because it was barred by the limitations period set forth by § 29-3001(4)(e).

## CONCLUSION

Because Epp's motion for postconviction relief was filed more than 1 year from August 27, 2011, it was untimely.[13] We

---

[9] *State v. Amaya*, 298 Neb. 70, 902 N.W.2d 675 (2017).

[10] *State v. Goynes*, 293 Neb. 288, 876 N.W.2d 912 (2016).

[11] *State v. Custer*, 298 Neb. 279, 903 N.W.2d 911 (2017).

[12] *Id.*

[13] See § 29-3001(4)(e).

affirm the district court's dismissal of the motion without an evidentiary hearing or the appointment of counsel.

AFFIRMED.

FUNKE, J., participating on briefs.
WRIGHT and CASSEL, JJ., not participating.