Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/24/2019 09:08 AM CDT

SCOTT WILLIAM SMITH, INDIVIDUALLY AND ON BEHALF
OF AIDEN JAMES SMITH AND KAYLEIGH-ANN MARIE
SMITH, MINOR CHILDREN, APPELLANT, V. BRANDY
LEIGH WEDEKIND AND ZACH WEDEKIND,
A MARRIED COUPLE, APPELLEES.

___ N.W.2d ___

Filed March 1, 2019.    No. S-18-516.

1. **Judgments: Appeal and Error.** When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below.

2. **Constitutional Law: Rules of the Supreme Court: Statutes: Notice: Appeal and Error.** Neb. Ct. R. App. P. § 2-109(E) (rev. 2014) requires that a party presenting a case involving the constitutionality of a statute must file and serve notice with the Supreme Court Clerk at the time of filing the party's brief.

3. **Constitutional Law: Statutes: Notice: Appeal and Error.** A notice to the Supreme Court Clerk assists the clerk and the Nebraska Supreme Court in ensuring that an appeal involving the constitutionality of a statute is heard by the full court, as required by article V, § 2, of the Nebraska Constitution.

4. ____: ____: ____: ____. When the issue of the constitutionality of a statute is merely contained in an ordinary pleading, the Supreme Court Clerk is not put on notice that the appeal should be specially processed.

5. **Constitutional Law: Rules of the Supreme Court: Statutes: Appeal and Error.** The constitutionality of a statute for purposes of article V, § 2, of the Nebraska Constitution and Neb. Ct. R. App. P. § 2-109(E) (rev. 2014) includes both facial and as-applied challenges.

6. ____: ____: ____: ____. Strict compliance with Neb. Ct. R. App. P. § 2-109(E) (rev. 2014) is necessary whenever a litigant challenges the constitutionality of a statute, regardless of how that constitutional challenge may be characterized.

7.  \_\_\_: \_\_\_: \_\_\_: \_\_\_. If a party fails to observe Neb. Ct. R. App. P. § 2-109(E) (rev. 2014), the Nebraska Supreme Court will not consider the constitutionality of the statute under attack.
8.  **Constitutional Law: Statutes: Legislature: Appeal and Error.** Whether or not a constitutional challenge is characterized by an appellant as a challenge to a statute, when the appeal challenges the constitutionality of an act explicitly permitted by a statute, it is a case "involving the constitutionality of an act of the Legislature," as described in article V, § 2, of the Nebraska Constitution.
9.  **Constitutional Law: Rules of the Supreme Court: Notice: Statutes: Appeal and Error.** The Nebraska Supreme Court must have notice under Neb. Ct. R. App. P. § 2-109(E) (rev. 2014) of an implicit challenge to a statute that explicitly authorizes the alleged unconstitutional act in order to ensure that the issue of the constitutionality of the statute is heard by a full court.
10. **Constitutional Law: Rules of the Supreme Court: Statutes: Appeal and Error.** A litigant cannot avoid the requirements of Neb. Ct. R. App. P. § 2-109(E) (rev. 2014) and the concurrent requisite scrutiny for invalidating statutory provisions merely by failing to cite to the statute that authorizes the constitutionally challenged act.

Appeal from the District Court for Cass County: MICHAEL A. SMITH, Judge. Affirmed.

Scott William Smith, pro se.

No appearance for appellees.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

FREUDENBERG, J.
NATURE OF CASE
The plaintiff in a declaratory judgment action appeals from the district court's sua sponte denial, without a hearing, of his application to proceed in forma pauperis. The court did so under its authority conferred by Neb. Rev. Stat. § 25-2301.02 (Reissue 2016). The plaintiff does not challenge the statute directly, but argues that the lack of a hearing was

unconstitutional. The plaintiff did not file a notice under Neb. Ct. R. App. P. § 2-109(E) (rev. 2014), which is required whenever a party is "presenting a case involving the federal or state constitutionality of a statute." We affirm.

## BACKGROUND

Scott William Smith, representing himself pro se, filed a complaint individually and on behalf of his children for declaratory judgment under Neb. Rev. Stat. § 25-21,159 (Reissue 2016), seeking "[d]eclaratory relief from" three orders under different dockets. The first order was a name change of Smith's children. The second order was a protection order. The third order was a divorce decree between himself and Brandy Leigh Wedekind, the mother of the children. Wedekind and her current husband were named as defendants in the action.

Smith asked in his complaint for an immediate injunction under Neb. Rev. Stat. § 25-21,156 (Reissue 2016) against the enforcement of the protection order. Smith also asked for court-appointed counsel for himself and his children. Finally, Smith requested that the court declare the validity of 16 allegations pertaining to the alleged unconstitutionality of the three orders challenged in his complaint.

Smith applied to proceed in forma pauperis, submitting an affidavit demonstrating that he was unable to pay the costs of litigation. Citing to § 25-2301.02, the court denied the order sua sponte and without a hearing. The court reasoned that the complaint asserted a legally frivolous position, because it constituted an impermissible collateral attack on the dissolution decree, protection order, and name change order. Smith appeals.

## ASSIGNMENTS OF ERROR

Smith assigns that the district court abused its discretion and committed plain error by failing to conduct a hearing on his motion to proceed in forma pauperis before making its decision.

## STANDARD OF REVIEW

[1] When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below.[1]

## ANALYSIS

Smith appeals from an order denying his application to proceed in forma pauperis. Section 25-2301.02 provides a statutory right of interlocutory appellate review of a decision denying in forma pauperis eligibility.[2] Smith's sole argument on appeal is that because the court failed to hold a hearing before determining the merits of his application to proceed in forma pauperis, he was deprived of open access to the courts as guaranteed by article I, § 13, of the Nebraska Constitution and due process under the Nebraska and federal Constitutions. Despite the district court's explicit reference to § 25-2301.02, Smith does not refer to the statute in his appellate brief.

Section 25-2301.02 authorizes the court to deny an application to proceed in forma pauperis, without a hearing, under the circumstances presented in this case. Section 25-2301.02 states in relevant part:

An evidentiary hearing shall be conducted on the objection unless the objection is by the court on its own motion on the grounds that the applicant is asserting legal positions which are frivolous or malicious. If no hearing is held, the court shall provide a written statement of its reasons, findings, and conclusions for denial of the applicant's application to proceed in forma pauperis which shall become a part of the record of the proceeding.

Thus, Smith's constitutional challenge to the act of the district court in denying his application without a hearing implicitly

---

[1] *State v. Boche*, 294 Neb. 912, 885 N.W.2d 523 (2016).

[2] See, *Mumin v. Frakes*, 298 Neb. 381, 904 N.W.2d 667 (2017); *Glass v. Kenney*, 268 Neb. 704, 687 N.W.2d 907 (2004).

challenges the constitutionality of § 25-2301.02 that explicitly authorizes the district court to deny, without a hearing, an application to proceed in forma pauperis.

Smith failed to file a separate written notice with this court of a constitutional question and failed to serve upon the Attorney General, who is not a party to this action, a copy of his brief. Such notice is required under § 2-109(E) whenever a party is "presenting a case involving the federal or state constitutionality of a statute."

[2] Section 2-109(E) requires that a party presenting a case involving the constitutionality of a statute must file and serve notice with the Supreme Court Clerk at the time of filing the party's brief.[3] Section 2-109(E) also provides that if the Attorney General is not already a party to the action, a copy of the brief assigning unconstitutionality must be served on the Attorney General within 5 days of the filing of the brief with the Supreme Court Clerk. Section 2-109(E) states in full:

> Cases Involving Constitutional Questions. A party presenting a case involving the federal or state constitutionality of a statute must file and serve notice thereof with the Supreme Court Clerk by a separate written notice or by notice in a Petition to Bypass at the time of filing such party's brief. If the Attorney General is not already a party to an action where the constitutionality of the statute is in issue, a copy of the brief assigning unconstitutionality must be served on the Attorney General within 5 days of the filing of the brief with the Supreme Court Clerk; proof of such service shall be filed with the Supreme Court Clerk.

The rule corresponds to the mandate of article V, § 2, of the Nebraska Constitution, which provides in pertinent part:

> A majority of the members [of the Supreme Court] sitting shall have authority to pronounce a decision except

---

[3] See, *Ptak v. Swanson*, 271 Neb. 57, 709 N.W.2d 337 (2006); *State v. Johnson*, 269 Neb. 507, 695 N.W.2d 165 (2005).

in cases involving the constitutionality of an act of the Legislature. No legislative act shall be held unconstitutional except by the concurrence of five judges. . . . The judges of the Supreme Court, sitting without division, shall hear and determine all cases involving the constitutionality of a statute and all appeals involving capital cases and may review any decision rendered by a division of the court. In such cases, in the event of the disability or disqualification by interest or otherwise of any of the judges of the Supreme Court, the court may appoint judges of the district court or the appellate court to sit temporarily as judges of the Supreme Court, sufficient to constitute a full court of seven judges.

[3,4] A notice to the Supreme Court Clerk assists the clerk and this court in ensuring that an appeal involving the constitutionality of a statute is heard by the full court, as required by article V, § 2, of the Nebraska Constitution.[4] When the issue of the constitutionality of a statute is merely contained in an ordinary pleading, the Supreme Court Clerk is not put on notice that the appeal should be specially processed.[5]

[5-7] In *State v. Boche*,[6] we held that the constitutionality of a statute for purposes of article V, § 2, of the Nebraska Constitution and § 2-109(E) includes both facial and as-applied challenges. This court has repeatedly held that strict compliance with § 2-109(E) is required for the court to address a constitutional claim.[7] In *Boche*, we clarified that "strict compliance with § 2-109(E) is necessary whenever a litigant challenges the constitutionality of a statute, regardless of how that constitutional challenge may be characterized."[8] If a party fails

---

[4] *State v. Boche*, *supra* note 1; *State v. Johnson, supra* note 3.

[5] *State v. Johnson, supra* note 3.

[6] *State v. Boche, supra* note 1.

[7] *Ptak v. Swanson, supra* note 3.

[8] *State v. Boche, supra* note 1, 294 Neb. at 918, 885 N.W.2d at 529.

to observe § 2-109(E), this court will not consider the constitutionality of the statute under attack.[9]

The question presented by this appeal is whether a litigant must file a notice under § 2-109(E) whenever the litigant implicitly challenges the constitutionality of a statute that, while not addressed in the appellate brief, explicitly authorizes the very act the litigant claims is unconstitutional. We hold that notice under § 2-109(E) is required under such circumstances.

[8] In such circumstances, a declaration by this court that the act complained of on appeal is unconstitutional would necessarily render unconstitutional the statute that explicitly authorizes the act. Whether or not a constitutional challenge is characterized by an appellant as a challenge to a statute, when the appeal challenges the constitutionality of an act explicitly permitted by a statute, it is a case "involving the constitutionality of an act of the Legislature," as described in article V, § 2, of the Nebraska Constitution.

[9,10] Accordingly, this court must have notice under § 2-109(E) of an implicit challenge to a statute that explicitly authorizes the alleged unconstitutional act in order to ensure that the issue of the constitutionality of the statute is heard by a full court. Further, the Attorney General has a right to notice that the constitutionality of a statute is being implicitly challenged in order to decide whether to file a brief of amicus curiae in the case. A litigant cannot avoid the requirements of § 2-109(E) and the concurrent requisite scrutiny for invalidating statutory provisions merely by failing to cite to the statute that authorizes the constitutionally challenged act.

The district court's action in this case of denying the application to proceed in forma pauperis was authorized by § 25-2301.02. The objection to in forma pauperis status was on the court's own motion on the ground that Smith was asserting legal positions that were frivolous. The court provided a

---

[9] *Holdrege Co-op Assn. v. Wilson*, 236 Neb. 541, 463 N.W.2d 312 (1990).

written statement of its reasons, findings, and conclusions for denial of Smith's application to proceed in forma pauperis in its order denying the application.

Because Smith did not file a notice compliant with § 2-109(E), we do not address his arguments on appeal concerning the constitutionality of the district court's decision to deny without a hearing his application to proceed in forma pauperis, expressly permitted by § 25-2301.02. The constitutionality of not providing a hearing before denying Smith's application was the only issue adequately assigned and argued on appeal.[10] Smith does not assign and argue that the court erred in its determination that his complaint asserted a frivolous legal position. Therefore, we affirm the district court's order.

## CONCLUSION

For the foregoing reasons, we affirm the order below denying Smith's application to proceed in forma pauperis.

AFFIRMED.

---

[10] See *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014).