Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/25/2020 12:11 AM CST

State of Nebraska, appellee, v.
Elijah W. Denton, appellant.
___ N.W.2d ___

Filed October 2, 2020.    No. S-19-939.

1. **Appeal and Error.** To be considered by an appellate court, an alleged
   error must be both specifically assigned and specifically argued in the
   brief of the party asserting the error.
2. **Constitutional Law: Statutes: Appeal and Error.** The constitutionality
   of a statute presents a question of law, which an appellate court indepen-
   dently reviews.
3. **Constitutional Law: Rules of the Supreme Court: Statutes: Appeal
   and Error.** An appellant challenging the constitutionality of a statute
   must strictly comply with Neb. Ct. R. App. P. § 2-109(E) (rev. 2014).
4. **Constitutional Law: Rules of the Supreme Court: Statutes: Notice:
   Appeal and Error.** Neb. Ct. R. App. P. § 2-109(E) (rev. 2014) requires
   that a party presenting a case involving the federal or state constitution-
   ality of a statute must file and serve notice thereof with the Supreme
   Court Clerk by separate written notice or in a petition to bypass at the
   time of filing such party's brief.
5. **Constitutional Law: Rules of the Supreme Court: Statutes: Appeal
   and Error.** Strict compliance with Neb. Ct. R. App. P. § 2-109(E) (rev.
   2014) is necessary whenever a litigant challenges the constitutional-
   ity of a statute, regardless of how that constitutional challenge may
   be characterized.

Appeal from the District Court for Lancaster County, Jodi
L. Nelson, Judge, on appeal thereto from the County Court
for Lancaster County, Joseph E. Dalton, Judge. Judgment of
District Court affirmed.

David Tarrell, of Berry Law Firm, for appellant.

Robert E. Caples, Assistant Lincoln City Prosecutor, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

Elijah W. Denton implicitly attacks the constitutionality of a state statute[1] prohibiting jury trials for criminal cases arising under city ordinances. Denton was denied a jury trial for the alleged violation of a municipal ordinance prohibiting battery,[2] despite a separate ordinance[3] imposing a 10-year ban upon possession of firearms by a person convicted of violating the battery ordinance. On appeal to this court from his conviction and sentence under the battery ordinance, Denton failed to comply with the procedural rule governing constitutional challenges to statutes.[4] Because we strictly apply the rule, we affirm the judgment.

## BACKGROUND

Denton's legal challenge does not rely upon any facts underlying his conviction. Thus, we need not summarize them.

Instead, Denton relies upon three city ordinances. The battery ordinance[5] defined the crime of which he was convicted. For a conviction under the battery ordinance, a penalty ordinance[6] prescribed a maximum penalty of 6 months' imprisonment, a $500 fine, or both,[7] and directed that the

---

[1] Neb. Rev. Stat. § 25-2705 (Reissue 2016).

[2] Lincoln Mun. Code § 9.12.010(b) (1997) (battery ordinance).

[3] See Lincoln Mun. Code § 9.36.100 (2008) (firearm ban ordinance).

[4] See Neb. Ct. R. App. P. § 2-109(E) (rev. 2014).

[5] See § 9.12.010(b) ("[i]t shall be unlawful for any person intentionally, knowingly, or recklessly to: 1. Cause bodily injury to another person; or 2. Strike another person").

[6] Lincoln Mun. Code § 1.24.010 (2006) (penalty ordinance).

[7] § 1.24.010(a).

penalty be "cumulative with and in addition to . . . any other penalty, punishment, or sentence specified by this code."[8] The firearm ban ordinance stated in relevant part: "It shall be unlawful for any person to possess any firearm within the corporate limits or on any property of the City of Lincoln outside the corporate limits when that person has been convicted of any one of the following offenses within the last ten years: . . . the [battery ordinance]."[9]

Prior to trial, Denton filed a written motion for jury trial. After a hearing, the county court pronounced a denial of the motion. The court's written order overruled the motion, because "any possible collateral consequences under the Lincoln Municipal Code does not make the instant offense a serious offense thus entitling [Denton] to a trial by jury under either the U.S. or Nebraska Constitutions."

Following a bench trial, the county court convicted Denton of violating the battery ordinance. The court imposed only a $250 fine.

Denton timely appealed the county court judgment to the district court. The district court relied in part upon § 25-2705, which states in pertinent part that "[e]ither party to any case in county court, except criminal cases arising under city . . . ordinances, . . . may demand a trial by jury." The district court affirmed the county court's judgment.

Denton filed a timely appeal to the Nebraska Court of Appeals. At the time he filed his appellate brief, he did not file or serve either "a separate written notice or [a] notice in a Petition to Bypass" regarding "the federal or state constitutionality" of § 25-2705.[10] We moved Denton's appeal to our docket.[11]

---

[8] § 1.24.010(c).

[9] § 9.36.100.

[10] See § 2-109(E).

[11] Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2018).

## ASSIGNMENT OF ERROR

Denton's brief on appeal assigns only one error: The district court erred in affirming the county court's denial of his motion for a jury trial.

[1] Prior to filing his brief in the Court of Appeals, Denton filed a "Notice of Errors." In that document, Denton also assigned that the district court erred in affirming the county court's denial of his disclosure motion. But to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error.[12] Denton does not assign nor argue the alleged disclosure motion error in his brief, and therefore, we will not address it.

## STANDARD OF REVIEW

[2] The constitutionality of a statute presents a question of law, which an appellate court independently reviews.[13]

## ANALYSIS

[3,4] An appellant challenging the constitutionality of a statute must strictly comply with § 2-109(E).[14] Section 2-109(E) requires that a party presenting a case involving the federal or state constitutionality of a statute must file and serve notice thereof with the Supreme Court Clerk by separate written notice or in a petition to bypass at the time of filing such party's brief.[15] The party must also provide the Attorney General with a copy of its brief.[16] Without strict compliance with

---

[12] *State v. Dixon*, 306 Neb. 853, 947 N.W.2d 563 (2020).

[13] *State v. Jenkins*, 303 Neb. 676, 931 N.W.2d 851 (2019), *cert. denied* ___ U.S. ___, 140 S. Ct. 2704, 206 L. Ed. 2d 844 (2020).

[14] See, *State v. Epp*, 299 Neb. 703, 910 N.W.2d 91 (2018); *State v. Boche*, 294 Neb. 912, 885 N.W.2d 523 (2016).

[15] *Epp, supra* note 14.

[16] See *Boche, supra* note 14.

§ 2-109(E), this court will not address a constitutional challenge to a statute.[17]

Section 2-109(E) ensures that this court has notice of a constitutional challenge.[18] As the Nebraska Constitution empowers this court to declare a legislative act unconstitutional only by a supermajority of at least five judges, the court must secure a full court to hear an appeal regarding the constitutionality of a statute.[19] Section 2-109(E) assists the court to do so.

Section 2-109(E) also guarantees that notice of a constitutional challenge to a statute is provided to the Attorney General. The statutes may not precisely articulate the Attorney General's duty to defend the constitutionality of state statutes.[20] But in *State v. Douglas*,[21] we recognized that the Attorney General has some duties which are not purely statutory and are sometimes referred to as the "common-law duties of the office." There, we cited a treatise which articulates the common-law duties of the Attorney General, including that he or she must defend duly adopted statutory enactments that are not unconstitutional.[22] Because the Attorney General cannot defend the constitutionality of a statute if the Attorney General has not been notified of the challenge, strict compliance with § 2-109(E) is necessary to ensure that the appeal may be staffed and handled accordingly.[23]

[5] Because notice is needed, strict compliance with § 2-109(E) is necessary whenever a litigant challenges the

---

[17] See, *Epp, supra* note 14; *Boche, supra* note 14.

[18] See *Boche, supra* note 14.

[19] See *id*. See, generally, Neb. Const. art. V, § 2.

[20] See, Neb. Rev. Stat. § 84-203 (Reissue 2014) ("authorized to . . . defend . . . any . . . matter . . . in which the state may be . . . interested"); Neb. Rev. Stat. § 84-205(10) (Reissue 2014).

[21] *State v. Douglas*, 217 Neb. 199, 349 N.W.2d 870 (1984).

[22] See, *id.*; 7 Am. Jur. 2d *Attorney General* § 5 (2017) (citing *Com. ex rel. Beshear v. Com. ex rel. Bevin*, 498 S.W.3d 355 (Ky. 2016)).

[23] See *Boche, supra* note 14.

constitutionality of a statute, regardless of how that constitutional challenge may be characterized.[24] It does not matter if the litigant explicitly challenges a statute, as this court remains bound to the requirements of article V of the Nebraska Constitution.[25] Therefore, as long as this court must determine the constitutionality of a statute in deciding an appeal, § 2-109(E) applies.[26]

Here, Denton implicitly challenges the constitutionality of § 25-2705, which precludes a defendant from obtaining a jury trial for the criminal prosecution of an ordinance.[27] Denton argues that § 25-2705 cannot apply to him because his constitutional right to a jury trial was triggered by the additional penalties he will suffer from being convicted of violating the assault ordinance.[28] Even if we agree with Denton, we cannot provide him a jury trial without declaring § 25-2705 unconstitutional as applied in his case, because the statute leaves no discretion for a court to grant a jury trial for the criminal prosecution of a city ordinance violation.[29]

Because Denton implicitly challenged the constitutionality of § 25-2705, he needed to comply with § 2-109(E). Denton did not provide a separate notice or a petition to bypass to the Supreme Court Clerk.[30] On appeal to this court, the State is represented by an assistant city attorney. Our record does not show that the Attorney General received a copy of Denton's brief.[31] Consequently, Denton failed to provide notice to this court and the Attorney General. He did not strictly comply

---

[24] See *Smith v. Wedekind*, 302 Neb. 387, 923 N.W.2d 392 (2019).

[25] See *id.* See, generally, Neb. Const. art. V, § 2.

[26] See *Wedekind, supra* note 24.

[27] See *State v. Cozzens*, 241 Neb. 565, 490 N.W.2d 184 (1992).

[28] See § 9.36.100(a).

[29] See *Cozzens, supra* note 27.

[30] See § 2-109(E).

[31] See *id.*

with § 2-109(E), and therefore, we cannot consider Denton's only assigned error.

## CONCLUSION

Denton implicitly challenged the constitutionality of a statute, but he failed to provide notice as required by § 2-109(E). Because we are unable to reach the merits of his appeal, we affirm the judgment of the district court.

AFFIRMED.