Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/29/2021 08:09 AM CDT

State of Nebraska, appellee,
v. Nicholas L. Catlin,
appellant.

___ N.W.2d ___

Filed January 29, 2021.    No. S-20-313.

1. **Rules of the Supreme Court: Notice: Appeal and Error.** Whether a party has complied with the notice requirements of Neb. Ct. R. App. P. § 2-109(E) (rev. 2014) is determined de novo upon a review of the record.

2. **Constitutional Law: Rules of the Supreme Court: Statutes: Appeal and Error.** Without strict compliance with Neb. Ct. R. App. P. § 2-109(E) (rev. 2014), an appellate court will not address a constitutional challenge to a statute.

3. \_\_\_\_: \_\_\_\_: \_\_\_\_: \_\_\_\_. A litigant must strictly comply with Neb. Ct. R. App. P. § 2-109(E) (rev. 2014) whenever the litigant challenges the constitutionality of a statute, regardless of how that constitutional challenge may be characterized.

4. \_\_\_\_: \_\_\_\_: \_\_\_\_: \_\_\_\_. As long as an appellate court must determine the constitutionality of a statute in deciding an appeal, Neb. Ct. R. App. P. § 2-109(E) (rev. 2014) applies.

5. \_\_\_\_: \_\_\_\_: \_\_\_\_: \_\_\_\_. Whenever an appellate court must determine the constitutionality of a statute in deciding an appeal, the party filing the brief explicitly or implicitly challenging the statute must strictly comply with Neb. Ct. R. App. P. § 2-109(E) (rev. 2014) or else the matter necessarily implicating the constitutionality of the statute will not be addressed.

6. **Constitutional Law: Statutes: Prosecuting Attorneys: Notice: Appeal and Error.** When the State is not represented by the office of the Attorney General, the prosecution having instead been handled by a city or county attorney, a copy of the brief that raises the constitutionality of a statute must be served on the Attorney General.

7. ____: ____: ____: ____: ____. An appellate court cannot assume that the Attorney General has notice of a challenge to the constitutionality of a statute in an appeal in which the State is represented by another office.

Appeal from the District Court for Lancaster County, Lori A. Maret, Judge, on appeal thereto from the County Court for Lancaster County, Timothy C. Phillips, Judge. Judgment of District Court affirmed.

Joe Nigro, Lancaster County Public Defender, and Nathan Sohriakoff for appellant.

Christine A. Loseke, Assistant Lincoln City Prosecutor, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

NATURE OF CASE

The defendant implicitly attacks the constitutionality of a state statute prohibiting jury trials for criminal cases arising under city ordinances. Because the defendant failed to comply with the procedural rule governing constitutional challenges to statutes, we affirm the judgment.

BACKGROUND

After a bench trial, Nicholas L. Catlin was found guilty in the county court for Lancaster County of driving under the influence, second offense, in violation of Lincoln Mun. Code § 10.16.030 (2017). He was also tried and convicted of speeding and operating a vehicle without a driver's license.

Before trial, the county court overruled Catlin's motion to quash the complaint for the reason that a conviction of driving under the influence, second offense, would implicate Lincoln Mun. Code § 9.36.100 (2008), which provides for a 10-year ban on the possession of firearms in the city of

Lincoln. Catlin asserted that § 9.36.100 violates due process. The county court also overruled Catlin's demand for a jury trial.

Section 9.36.100 lists a number of offenses upon conviction of which it shall be unlawful for 10 years for the convicted person to possess any firearm within the corporate limits of the city of Lincoln or on any property of the city of Lincoln outside the corporate limits. Most pertinent to Catlin, § 9.36.100 describes that for any person who has been convicted within the past 10 years of two or more offenses of driving under the influence in violation of the Lincoln Municipal Code or Nebraska statute, it shall be unlawful to possess any firearm within the corporate limits or on any property of the city of Lincoln outside of the corporate limits.

Catlin appealed his convictions to the district court, challenging the constitutionality of § 9.36.100 and assigning that the trial court erred when it (1) failed to grant Catlin's motion to quash and (2) failed to grant Catlin's demand for a jury trial. The district court affirmed the county court's judgment, reasoning, among other things, that Neb. Rev. Stat. § 25-2705(1) (Reissue 2016) dictates that persons charged with violating city ordinances do not have a right to a jury trial.

Catlin perfected an appeal of the district court's order. A copy of Catlin's brief was served on a city attorney who prosecuted the case. It was not served on the Attorney General. We granted Catlin's petition to bypass the Nebraska Court of Appeals. The petition to bypass was served upon the same city attorney. It was not served upon the Attorney General. On our own motion, we submitted the case without oral argument.

## ASSIGNMENT OF ERROR

Catlin assigns that the Lancaster County District Court erred when it failed to find that the Lancaster County Court had violated his right to jury trial.

STANDARD OF REVIEW

[1] Whether a party has complied with the notice requirements of Neb. Ct. R. App. P. § 2-109(E) (rev. 2014) is determined de novo upon a review of the record.

ANALYSIS

We agree with the State that we cannot reach Catlin's only assigned error in his appeal, because it inextricably involves an implied challenge to the constitutionality of a statute, for which Catlin failed to provide notice as required by § 2-109(E).

Section 2-109(E) mandates that a party presenting a case involving the federal or state constitutionality of a statute must file and serve notice thereof with the Supreme Court Clerk by separate written notice or in a petition to bypass at the time of filing such party's brief and provide the Attorney General with a copy of its brief if the Attorney General is not already a party to the case. Section 2-109(E) states in full:

> A party presenting a case involving the federal or state constitutionality of a statute must file and serve notice thereof with the Supreme Court Clerk by a separate written notice or by notice in a Petition to Bypass at the time of filing such party's brief. If the Attorney General is not already a party to an action where the constitutionality of the statute is in issue, a copy of the brief assigning unconstitutionality must be served on the Attorney General within 5 days of the filing of the brief with the Supreme Court Clerk; proof of such service shall be filed with the Supreme Court Clerk.

Section 2-109(E) ensures, in light of the constitutional requirement that no legislative act shall be held unconstitutional except by the concurrence of five judges,[1] that this court will secure a full court to hear an appeal challenging the constitutionality of a statute.[2] It also ensures that the

---

[1] See, generally, Neb. Const. art. V, § 2.

[2] See *State v. Denton*, 307 Neb. 400, 949 N.W.2d 344 (2020).

Attorney General has been notified of the challenge to the constitutionality of a statute, so that the Attorney General may carry out the common-law duty to defend all duly adopted statutory enactments that are not unconstitutional.[3]

[2,3] Without strict compliance with § 2-109(E), this court will not address a constitutional challenge to a statute.[4] A litigant must strictly comply with § 2-109(E) whenever the litigant challenges the constitutionality of a statute, "regardless of how that constitutional challenge may be characterized."[5]

[4,5] We recently explained in *State v. Denton*[6] that "[i]t does not matter if the litigant explicitly challenges a statute . . . ;" "as long as this court must determine the constitutionality of a statute in deciding an appeal, § 2-109(E) applies." After all, § 2-109(E) refers broadly to a case or action "involving the federal or state constitutionality of a statute" or "where the constitutionality of the statute is in issue." Further, the desirability of having a full court to hear the appeal and the Attorney General's duties to defend the State's statutes are not diminished by the fact that the challenge was indirectly rather than directly made. Whenever we must determine the constitutionality of a statute in deciding an appeal, the party filing the brief explicitly or implicitly challenging the statute must strictly comply with § 2-109(E) or else the matter necessarily implicating the statute will not be addressed.

Catlin makes no mention of § 25-2705 in his appellate brief or in his petition to bypass. Regardless of Catlin's failure to acknowledge it, his appeal necessarily involves a challenge to the constitutionality of § 25-2705.

Section 25-2705(1) states, "Either party to any case in county court, except criminal cases arising under city or

---

[3] See *id.*

[4] *Id.*

[5] *Id.* at 405, 949 N.W.2d at 347.

[6] *Id.* at 405, 949 N.W.2d at 347-48.

village ordinances, . . . may demand a trial by jury." We held in *Denton* that a very similar appeal, challenging the denial of a jury trial for an alleged violation implicating the firearm ban in § 9.36.100, was necessarily an implicit challenge to § 25-2705.[7]

We explained that the appellant's argument that the court erred in denying a jury trial implicitly challenged the constitutionality of § 25-2705, because § 25-2705 "leaves no discretion for a court to grant a jury trial for the criminal prosecution of a city ordinance violation."[8] As such, we could not find merit to the appellant's arguments regarding the right to a jury trial without declaring § 25-2705 unconstitutional as applied in his case.

*Denton* is directly controlling on the question of whether Catlin must strictly comply with § 2-109(E). He must. The error raised in Catlin's appeal necessarily involves the constitutionality of a statute.

And we find that Catlin did not strictly comply with § 2-109(E), because he did not serve the Attorney General with a copy of his brief. In *Denton*, we held that the required notice under § 2-109(E) was not given, because the appellant did not provide a separate notice or a petition to bypass to the Supreme Court Clerk and the record did not show that the Attorney General received a copy of the appellant's brief. In that appeal, as here, the State was represented by an assistant city attorney.

We have otherwise had little occasion to address under § 2-109(E) service on the Attorney General when the State is a party to the action but where the office of the Attorney General has not been involved in the litigation. To the extent the notice in *Denton* was found to be insufficient because the brief was not served on the Attorney General, it is also apposite to the case at bar.

---

[7] *Id.*

[8] *Id.* at 405, 949 N.W.2d at 348.

[6,7] When the State is not represented by the office of the Attorney General, the prosecution having instead been handled by a city or county attorney, a copy of the brief that raises the constitutionality of a statute must be served on the Attorney General. While the party in the action might more broadly be the State of Nebraska, for purposes of § 2-109(E), the Attorney General is only a "party to [the] action" when its office is directly involved in the litigation of the case. We cannot assume that the Attorney General has notice of a challenge to the constitutionality of a statute in an appeal in which the State is represented by another office.

Catlin did not provide the Attorney General with a copy of his brief. The Attorney General was not representing the State in this litigation. Therefore, Catlin failed to strictly comply with § 2-109(E). Accordingly, we cannot consider Catlin's assignment of error that implicitly challenges the constitutionality of § 25-2705. Because that is Catlin's only assignment of error, we affirm the judgment of the district court.

## CONCLUSION

Catlin implicitly challenged the constitutionality of a statute, but he failed to provide notice as required by § 2-109(E). Because we are unable to reach the merits of his appeal, we affirm the judgment of the district court.

AFFIRMED.