IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


IN RE INTEREST OF TRE'SEAN W.


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


IN RE INTEREST OF TRE'SEAN W., A CHILD UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,

V.

TRE'SEAN W., APPELLANT.


Filed April 20, 2021.    No. A-20-707.


Appeal from the Separate Juvenile Court of Lancaster County: REGGIE L. RYDER, Judge. Affirmed.

Joe Nigro, Lancaster County Public Defender, and Megan R. Kielty for appellant.

Patrick Condon, Lancaster County Attorney, and Haley N. Messerschmidt for appellee.


PIRTLE, Chief Judge, and MOORE and BISHOP, Judges.

BISHOP, Judge.

## INTRODUCTION

Tre'Sean W. attacks the constitutionality of a state statute prohibiting an individual from possessing a firearm until the age of 25 if the individual was previously adjudicated as an offender in juvenile court for an act which would constitute a felony or an act which would constitute a misdemeanor crime of domestic violence. However, Tre'Sean failed to comply with the procedural rule governing constitutional challenges to statutes. We affirm.

## BACKGROUND

On November 4, 2019, the State filed a petition in the Separate Juvenile Court of Douglas County in case No. JV 19-1793 alleging that Tre'Sean was a juvenile as defined by Neb. Rev. Stat. § 43-247(1) (Reissue 2016) (juvenile committed act other than traffic offense which would

- 1 -

constitute misdemeanor or infraction under laws of this state, 11 years of age or older at time act committed), and § 43-247(2) (juvenile committed act which would constitute felony under laws of this state, 11 years of age or older at time act committed). The State specifically alleged that Tre'Sean committed the following acts: count I, "Manufacturing, Distributing, or Possession with Intent to Distribute a Controlled Substance with a Firearm," a Class ID felony, pursuant to Neb. Rev. Stat. § 28-416(16) (Cum. Supp. 2020); count II, "Manufacturing, Distributing, or Possession with Intent to Distribute: Base Cocaine (Crack)," a Class II felony, pursuant to § 28-416(1); count III, "Possession of Stolen Firearm," a Class IIA felony, pursuant to Neb. Rev. Stat. § 28-1212.03 (Reissue 2016); count IV, "Possess Marijuana 1 oz or Less-1st Offense," an infraction, pursuant to § 28-416(13); and count V, "Carrying a Concealed Weapon," a Class I misdemeanor, pursuant to Neb. Rev. Stat. § 28-1202(3) (Reissue 2016).

After a hearing in December 2019, the juvenile court adjudicated Tre'Sean to be a juvenile as defined by § 43-247(2) based on Tre'Sean's admission, pursuant to a plea agreement, to count II of the petition, "Manufacturing, Distributing, or Possession with Intent to Distribute: Base Cocaine (Crack)," a Class II felony, pursuant to § 28-416(1). In exchange for Tre'Sean's plea, counts I, III, IV, and V were dismissed on oral motion by the State.

On February 19, 2020, the State filed a supplemental petition in the Separate Juvenile Court of Lancaster County in case No. JV 19-493 alleging that Tre'Sean was a juvenile as defined by § 43-247(1) and (2) because Tre'Sean, between February 14 and 17, being a person under the age of 25 years, did knowingly possess a firearm and he had previously been adjudicated an offender in juvenile court for an act which would constitute a felony or an act which would constitute a misdemeanor crime of domestic violence, in violation of Neb. Rev. Stat. § 28-1204.05 (Cum. Supp. 2020), a Class IV felony for a first offense; and Tre'Sean, between February 14 and 17, being a person under the age of 18 years, did possess a handgun, in violation of Neb. Rev. Stat. § 28-1204 (Reissue 2016), a Class I misdemeanor.

On March 19, 2020, Tre'Sean filed a motion to quash the supplemental petition alleging that § 28-1204.05 is "unconstitutional both on its face and as applied." Tre'Sean claimed the statute (1) violates equal protection by denying persons younger than 25 years of age the same treatment under the law "that those 25 years old or older enjoy," (2) violates "the right of criminal defendants to have each element of a crime tried by a jury by depriving a juvenile adjudicated without a jury trial of the same safeguards and indicia of reliability afforded to criminal defendants when admitting prior convictions," (3) constitutes "unconstitutional special class legislation," (4) violates the juvenile's right to lawfully possess a firearm beyond the permissible prohibitions enumerated by the U.S. Supreme Court, (5) deprives the juvenile of substantive and procedural due process, (6) violates the proportionality requirement of the Nebraska Constitution, (7) substantially burdens the juvenile's rights under the state's constitution "to hunt and harvest wildlife," and (8) violates the protections against ex post facto laws. On June 17, the juvenile court found that § 28-1204.05 was neither unconstitutional on its face nor as applied, and the court overruled Tre'Sean's motion to quash.

A contested adjudication hearing on the supplemental petition was held on August 28, 2020. At the hearing, the State presented evidence that Tre'Sean, born in 2003, was previously adjudicated in Douglas County case No. JV 19-1793 wherein he was found to be a juvenile as defined by § 43-247(2) based on his admission to count II of the petition, "Manufacturing,

Distributing, or Possession with Intent to Distribute: Base Cocaine (Crack)," a Class II felony, pursuant to § 28-416(1). The State also presented evidence, via the testimony of a school resource officer, that Tre'Sean was observed holding a handgun in a video that was posted to Snapchat; in the video, Tre'Sean pointed the handgun at the camera, and at one point in the video, he "remove[d] the magazine from the handgun, and you can see the bullets that are in the gun." A DVD copy of the Snapchat video and a picture of a screenshot from the video were also received into evidence over Tre'Sean's objections. Another witness, who appeared in the Snapchat video with Tre'Sean, testified that the video was taken "possibly a day" before the witness was contacted by the police at his school; according to his school resource officer, the witness was contacted at school on February 17, 2020.

In its order filed on August 28, 2020, the juvenile court adjudicated Tre'Sean to be a juvenile as defined by § 43-247(1) and (2) after finding the allegations in the supplemental petition were proven beyond a reasonable doubt.

Tre'Sean timely appeals the August 28, 2020, order of adjudication, and the earlier June 17 order overruling the motion to quash.

## ASSIGNMENT OF ERROR

Tre'Sean assigns, summarized, that because § 28-1204.05 violates provisions of the U.S. and Nebraska Constitutions, the juvenile court erred in overruling the motion to quash.

## STANDARD OF REVIEW

An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings. *In re Interest of Seth C.*, 307 Neb. 862, 951 N.W.2d 135 (2020).

Whether a party has complied with the notice requirements of Neb. Ct. R. App. P. § 2-109(E) (rev. 2014) is determined de novo upon a review of the record. *State v. Catlin*, 308 Neb. 294, 953 N.W.2d 563 (2021).

## ANALYSIS

The Nebraska Court of Appeals cannot determine the constitutionality of a statute, yet when necessary to a decision in the case before it, the court does have jurisdiction to determine whether a constitutional question has been properly raised. *State v. Doyle*, 18 Neb. App. 495, 787 N.W.2d 254 (2010). To properly raise a challenge to the constitutionality of a statute, a litigant is required to strictly comply with § 2-109(E) and to properly raise and preserve the issue before the trial court. See *State v. Doyle, supra.* Tre'Sean did properly raise and preserve the constitutionality of § 28-1204.05 before the juvenile court. See *State v. Stone*, 298 Neb. 53, 902 N.W.2d 197 (2017) (as-applied challenges to constitutionality of criminal statute preserved by defendant's plea of not guilty; proper procedure for raising facial constitutional challenge to criminal statute is to file motion to quash). However, although not raised by the State, we find that Tre'Sean did not comply with § 2-109(E) on appeal.

Section 2-109(E) mandates that a party presenting a case involving the federal or state constitutionality of a statute must file and serve notice thereof with the Supreme Court Clerk by separate written notice or in a petition to bypass at the time of filing such party's brief and provide

the Attorney General with a copy of its brief if the Attorney General is not already a party to the case. *State v. Catlin, supra*. Section 2-109(E) states in full:

> Cases Involving Constitutional Questions. A party presenting a case involving the federal or state constitutionality of a statute must file and serve notice thereof with the Supreme Court Clerk by a separate written notice or by notice in a Petition to Bypass at the time of filing such party's brief. If the Attorney General is not already a party to an action where the constitutionality of the statute is in issue, a copy of the brief assigning unconstitutionality must be served on the Attorney General within 5 days of the filing of the brief with the Supreme Court Clerk; proof of such service shall be filed with the Supreme Court Clerk.

Section 2-109(E) ensures, in light of the constitutional requirement that no legislative act shall be held unconstitutional except by the concurrence of five judges, that the Nebraska Supreme Court will secure a full court to hear an appeal challenging the constitutionality of a statute. See *State v. Catlin, supra*. See, also, Neb. Const. art. V, § 2 (no legislative act shall be held unconstitutional except by concurrence of five judges; judges of Supreme Court, sitting without division, shall hear and determine all cases involving constitutionality of statute). Section 2-109(E) also ensures that the Attorney General has been notified of the challenge to the constitutionality of statute, so that the Attorney General may carry out the common-law duty to defend all duly adopted statutory enactments that are not unconstitutional. *State v. Catlin, supra*.

Without strict compliance with § 2-109(E), the Nebraska Supreme Court will not address a constitutional challenge to a statute. See *State v. Catlin, supra*. A litigant must strictly comply with § 2-109(E) whenever the litigant challenges the constitutionality of a statute, regardless of how that constitutional challenge may be characterized. See *State v. Catlin, supra*. See, also, *State v. Boche*, 294 Neb. 912, 885 N.W.2d 523 (2016) (distinction between facial and as-applied constitutional challenges immaterial when it comes to § 2-109(E) notice).

In this case, Tre'Sean did not strictly comply with § 2-109(E). First, he did not provide a separate notice or a petition to bypass to the Supreme Court Clerk. Second, the record does not show that the Attorney General received a copy of Tre'Sean's brief; in this appeal, the State is represented by the Lancaster County Attorney's office. "When the State is not represented by the office of the Attorney General, the prosecution having instead been handled by a city or county attorney, a copy of the brief that raises the constitutionality of a statute must be served on the Attorney General." *State v. Catlin*, 308 Neb. at 300, 953 N.W.2d at 568. Because Tre'Sean did not strictly comply with § 2-109(E), the Nebraska Supreme Court could not consider the constitutionality of § 28-1204.05, which was the basis for his claim that the juvenile court erred in overruling his motion to quash.

As stated previously, this court cannot determine the constitutionality of a statute. See *State v. Doyle, supra*. We only have jurisdiction to determine whether a constitutional question has been properly raised; it was not. See *id*. Accordingly, we cannot further address the juvenile court's decision to overrule Tre'Sean's motion to quash.

We note that Tre'Sean does not challenge the sufficiency of the evidence to adjudicate him pursuant to the allegations in the supplemental petition. However, for the sake of completeness, on our de novo review, we find that the evidence was sufficient and we affirm the adjudication.

## CONCLUSION

For the reasons stated above, we affirm the juvenile court's adjudication of Tre'Sean on the supplemental petition.

AFFIRMED.