IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. ROOT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MICHAEL L. ROOT, APPELLANT.

Filed August 8, 2023.    No. A-23-117.

Appeal from the District Court for Buffalo County: JOHN H. MARSH, Judge. Affirmed.

Melissa A. Wentling, Deputy Buffalo County Public Defender, for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

PIRTLE, Chief Judge, and MOORE and ARTERBURN, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Michael L. Root appeals from the Buffalo County District Court's finding that he was a habitual criminal resulting in an enhanced sentence on his plea-based escape conviction. Based on the reasons that follow, we affirm.

## BACKGROUND

In September 2022, the State filed an information in Buffalo County District Court charging Root with escape, a Class IV felony. The information further alleged that Root was a habitual criminal and listed three prior felony convictions. An amended information was filed in November that included a fourth prior felony conviction.

In December 2022, at a plea hearing, Root changed his not guilty plea to a plea of no contest. The parties agreed to address the habitual criminal enhancement at the time of sentencing.

- 1 -

At the enhancement and sentencing hearing, the State offered seven exhibits into evidence to prove Root's prior convictions for sentencing enhancement purposes. Exhibits 1 through 5 related to the three felonies alleged in the original information and exhibits 6 and 7 related to the additional felony included in the amended information.

Root objected to exhibits 2, 3, and 5 based on form, foundation, and due process, arguing that they failed to show he had entered his pleas in those convictions freely, intelligently, and voluntarily. Root also objected to exhibits 6 and 7 on the ground that they related to the conviction that was added in the amended information and not listed in the original information. The court overruled Root's objections and on its own declined to consider exhibits 1 and 4. The court then found that based on exhibits 2, 3, 5, 6, and 7, Root had been twice convicted and sentenced to incarceration for terms of over one year and therefore it was required to impose a sentence as a habitual criminal. The court sentenced Root to a term of 10 to 10 years' imprisonment.

## ASSIGNMENTS OF ERROR

Root assigns that the trial court erred in (1) receiving exhibits 2, 3, 5, 6, and 7 into evidence and finding he was a habitual criminal, (2) failing to find Nebraska's habitual criminal statute unconstitutional as applied to him, and (3) ordering an excessive sentence.

## STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021).

## ANALYSIS

Root first assigns that the trial court erred in finding he was a habitual criminal because the exhibits offered by the State and relied on by the court to show his prior convictions were insufficient and inadmissible.

Nebraska's habitual criminal statute, Neb. Rev. Stat. § 29-2221(1) (Reissue 2016) provides:

> Whoever has been twice convicted of a crime, sentenced, and committed to prison, in this or any other state or by the United States or once in this state and once at least in any other state or by the United States, for terms of not less than one year each shall, upon conviction of a felony committed in this state, be deemed to be a habitual criminal and shall be punished by imprisonment in a Department of Correctional Services adult correctional facility for a mandatory minimum term of ten years and a maximum term of not more than sixty years. . . .

In a habitual criminal proceeding, the State's evidence must establish with requisite trustworthiness, based upon a preponderance of the evidence, that (1) the defendant has been twice convicted of a crime, for which he or she was sentenced and committed to prison for not less than 1 year; (2) the trial court rendered a judgment of conviction for each crime; and (3) at the time of the prior conviction and sentencing, the defendant was represented by counsel or had knowingly

and voluntarily waived representation for those proceedings. *State v. Drake*, 311 Neb. 219, 971 N.W.2d 759 (2022).

Root assigns that the court erred in receiving exhibits 2, 3, 5, 6, and 7. We first note that Root makes specific arguments in his brief as to why exhibits 2, 3, 6, and 7 were inadmissible as a prior conviction for enhancement purposes, but makes no argument as to why exhibit 5 was inadmissible. He only states that "[a]t best, the only valid prior [conviction] offered at the enhancement hearing was Exhibit No. 5 (the 1981 prior), which even the lower court noted [was] 'fairly minimal.'" Brief for appellant at 13. Exhibit 5 is a certified copy of Root's conviction for armed robbery in 1981 for which he was sentenced to 18 months' imprisonment. Having reviewed exhibit 5, and with no argument made by Root, we agree with the trial court that it meets the necessary requirements to be used as a prior conviction for enhancement purposes.

Exhibit 2 is a certified copy of Root's conviction for nonsupport in 1995 for which he was sentenced to 18 months to 5 years' imprisonment. It consists of two journal entries, one showing entry of Root's guilty plea to the charge and the court's acceptance of his plea, and the other showing the court's sentencing order.

Root argues that exhibit 2 does not affirmatively show that he was represented by counsel when he entered his plea and when he was sentenced. The journal entries both state that "Mr. Tye appeared on behalf of and with [Root]" at the time he entered his plea and at sentencing. Root claims there is no evidence in the record identifying "Mr. Tye" as Root's attorney or as an attorney in general. Although exhibit 2 does not specifically identify Mr. Tye as Root's attorney, it states he appeared on behalf of and with Root. Therefore, it is apparent he was Root's attorney. This argument fails.

Root also argues that the trial court erred in relying on exhibit 2 for enhancement purposes because it does not contain the "Commitment." He contends, therefore, that the exhibit fails to show that he was committed to the Department of Corrections for not less than 1 year.

The Nebraska Supreme Court has held that for purposes of the words "committed to prison" found in § 29-2221, the State needs to show only that the defendant has twice been ordered by the court to be committed for at least 1 year to a penal institution. *State v. Drake, supra*. The journal entry regarding sentencing in exhibit 2 states that Root "is sentenced to a period of confinement to the State of Nebraska Department of Corrections for a period of 18 months to 5 years." The language in exhibit 2 shows that the sentencing court for the 1995 nonsupport conviction ordered Root to be taken to a penal institution within the control of the Nebraska Department of Correctional Services for a period of not less than 1 year. In other words, the exhibit sufficiently shows that Root was committed to prison for not less than 1 year.

Root also argues that exhibit 3 fails to show he was committed to prison for not less than one year because it does not contain the "Commitment." Exhibit 3 is a certified copy of Root's conviction for burglary in 1985 for which he was sentenced to three to seven years' imprisonment. Exhibit 3, like exhibit 2, consists of two journal entries showing the entry of Root's plea and the court's acceptance of his plea, and the other showing Root was sentenced by the district court.

The journal entry regarding sentencing in exhibit 3 states that Root was "sentenced to the Nebraska Penal and Correctional Complex for a term of not less than three nor more than seven years . . . for the crime of burglary." The language in exhibit 3 shows that the sentencing court

ordered Root to be taken to a penal institution for a period of not less than 1 year. Just like exhibit 2, exhibit 3 shows that Root was committed to prison for not less than 1 year.

We conclude that the evidence presented by the State as proof of Root's prior convictions, specifically exhibits 2, 3, and 5 was sufficient for purposes of habitual criminal enhancement. Accordingly, the trial court did not err in finding Root to be a habitual criminal and enhancing his sentence.

Root also argues that it was prejudicial and an abuse of discretion for the trial court to consider exhibits 6 and 7 for enhancement purposes because the conviction referred to in these exhibits was not included on the original information to which he pled. Because we have found that there was sufficient evidence of other prior convictions, we need not address whether the court erred in receiving and relying on exhibits 6 and 7. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *State v. Williams*, 313 Neb. 981, 987 N.W.2d 613 (2023).

*Constitutional Challenge to § 29-2221.*

Root assigns that the trial court erred in failing to find § 29-2221 unconstitutional as applied to him. This assignment of error fails because Root did not properly raise his challenge to the constitutionality of § 29-2221. Initially, we observe that the Nebraska Court of Appeals cannot determine the constitutionality of a statute, yet when necessary to a decision in the case before it, the court does have jurisdiction to determine whether a constitutional question has been properly raised. *State v. Doyle*, 18 Neb. App. 495, 787 N.W.2d 254 (2010). To properly raise a challenge to the constitutionality of a statute, a litigant is required to strictly comply with Neb. Ct. R. App. P. § 2-109(E) (rev. 2014) and to properly raise and preserve the issue before the trial court. *State v. Doyle, supra.* Root's constitutional challenge fails because he did not file notice as required by § 2-109(E).

Section 2-109(E) requires that a party presenting a case involving the federal or state constitutionality of a statute must file and serve notice thereof with the Supreme Court Clerk by a separate written notice or by notice in a petition to bypass at the time of filing such party's brief. Strict compliance with § 2-109(E) is necessary whenever a litigant challenges the constitutionality of a statute, regardless of how that constitutional challenge may be characterized. *State v. Epp*, 299 Neb. 703, 910 N.W.2d 91 (2018). Root did not file a separate written notice or a petition to bypass with the Supreme Court Clerk at the time he filed his brief. Accordingly, we do not address this assignment of error.

*Excessive Sentence.*

Root assigns that the trial court erred in ordering an excessive sentence. His argument in support of this assignment of error is a restatement of the arguments we have already addressed and rejected. Therefore, we need not discuss this assignment of error further.

- 4 -

## CONCLUSION

We conclude the district court did not err in finding the State presented sufficient evidence to show Root was a habitual criminal pursuant to § 29-2221 and, therefore, affirm his conviction and sentence.

AFFIRMED.